608 A.2d 560

COMMONWEALTH of Pennsylvania

v.

Jeffrey Allen COFFEY, Appellant.

COMMONWEALTH of Pennsylvania

v.

Timothy Bryon BRYANT, Appellant.

Superior Court of Pennsylvania.

Submitted April 9, 1992.

Filed May 21, 1992.

Peter T. Campana, Williamsport, for appellants.

Harold E. Ciampoli, Jr., Asst. Dist. Atty., Montoursville, for Com., appellee.

Before OLSZEWSKI, BECK, and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This is an appeal from the order of the Court of Common Pleas of Lycoming County, which disqualified Peter T. Campana, Esquire, from representing both appellants at trial.[1] The trial court found that although appellants had both chosen to be represented by Mr. Campana, appellants' right to have counsel of their choice was overridden by a potential conflict of interest. We affirm.

The facts and procedural history of this case were summarized in the trial court opinion.

On 12 April 1991, the Commonwealth filed separate Informations against both defendants, alleging that each violated Pennsylvania Crimes Code Section 6310 (furnishing or selling liquor to a minor). *See also* 18 Pa.C.S.A. Section 6310. These charges arose from events which occurred on 28 November 1990, according to the two affidavits sworn by Pennsylvania State Police Trooper A. Paul Wilson on 23 January 1991 and 8 February 1991.

The Commonwealth contends that while in the company of two female juveniles, the defendants received money from one of the two girls with which to purchase a case of beer for their collective enjoyment. Together, the

1. Initially, we note that an order disqualifying a party's counsel of choice is appealable. *Commonwealth v. Cassidy*, 390 Pa.Super. 359, 568 A.2d 693 (1989).

defendants entered a Williamsport establishment where they purchased a case of beer. Rejoining the two girls, the defendants journeyed to the residence of one of the female juveniles, where all four individuals consumed a portion of the stock of alcoholic beverage.

After her father discovered the defendants and the now-depleted supply of beer, the juvenile "hostess" informed Trooper Wilson of the events described above, and agreed to testify as a witness for the Commonwealth at the 25 March 1991 preliminary hearing. After the hearing, the District Justice found that both the defendants should be held to defend the crimes alleged in the Court of Common Pleas, where these cases were consolidated for the purpose of trial by this court. *See* order of 24 July 1991.

On 26 June 1991, the Commonwealth filed a motion to disqualify defense counsel from representing both defendant Bryant and defendant Coffey. In paragraph #4 of this motion, the Assistant District Attorney contends that defendant Coffey made a statement to authorities in which he acknowledged that the case of beer was purchased and subsequently consumed by the defendants and the two female juveniles, but denied making the purchase of the beer himself. This court granted the Commonwealth's motion. *See* order of 24 July 1991.

Trial court opinion, Smith, J., dated September 26, 1991, at 1–3. Judge Smith explains in his opinion that the motion to disqualify was granted due to the potential conflict of interest in light of the above-described statement of appellant Coffey. Appellants have appealed the order granting the Commonwealth's motion to disqualify Mr. Campana.

Appellants' argument is that they have the right to be represented by counsel of their choosing, and that there is no conflict of interest or that the conflict of interest is highly speculative. Further, appellants argue in the alternative that if there is a conflict of interest, it is waivable. We find that there is at least a serious potential for a conflict of interest in this case. Further, we affirm the

decision of the trial court not to allow appellants to waive their right to counsel in this case.

"... [T]he right to counsel of choice, while not absolute, is guarded by the sixth amendment of the United States Constitution." *Commonwealth v. Cassidy*, 390 Pa.Super. 359, 368, 568 A.2d 693, 697 (1989) *(citing Wheat v. United States*, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988)). In *Cassidy*, this Court set forth the law regarding when a defendant's choice of counsel may be denied:

> When a defendant's selection of counsel, under the particular facts and circumstances of a case, places the fairness and integrity of the defendant's trial in jeopardy, the defendant's right to counsel of choice may be justifiably denied. However, a *presumption* must first be recognized in favor of the defendant's counsel of choice; to overcome that presumption, there must be a demonstration of an *actual conflict or a showing of a serious potential for conflict.*
>
> \* \*· \* \* \* \*
>
> The right to counsel of choice "should not be interfered with in cases where the potential conflicts of interest are highly speculative...."

*Cassidy*, 390 Pa.Superior Ct. at 369, 568 A.2d at 698 (citations omitted).

The statement made by appellant Coffey clearly presents a potential for a conflict of interest. The occurrences inside the place where the beer was purchased may be at issue at the trial of this matter. The Commonwealth has argued that the entire statement is an admission of involvement in the purchase of the beer and supports at least a theory of accomplice liability on the part of appellant Coffey. The statement could support an argument in defense of appellant Coffey that he did not purchase the beer, but rather that appellant Bryant was solely responsible for the purchase of the beer. Of course, in light of the potential for accomplice liability, this theory may not be successful. Further, as with any defense, it may be completely unsuc-

cessful. We make no decision regarding the merits of this or any other defense, we simply state that the possibility exists that such a defense could be asserted. In this regard, a clear conflict of interest arises. If Mr. Campana were to represent both appellant Coffey and appellant Bryant, then clearly he could not assert the above defense without a conflict of interest arising. We find no merit to appellants' arguments that there is no conflict of interest or that the opportunity for a conflict of interest is highly speculative.

██ Further, we find no merit to appellants' argument in the alternative that the right to individual counsel is waivable in this case.

An individual may knowingly and intelligently waive a constitutional right. *Commonwealth v. Carey*, 235 Pa.Super. 366, 340 A.2d 509 (1975). For that individual to be able to make a knowing and intelligent waiver of a constitutional right, he must have been aware of both the nature of the constitutional right and the risk of forfeiting the same. *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978); *Commonwealth v. Johnson*, 319 Pa.Super. 463, 466 A.2d 636 (1983). In such a situation the record must clearly demonstrate an intentional relinquishment of a known right or privilege. *Commonwealth v. Hill*, 492 Pa. 100, 422 A.2d 491 (1980). If all of the necessary information concerning the nature of and risk of forfeiture of the constitutional right is communicated to the individual, his waiver will not be disturbed. *Commonwealth v. Carey*, 235 Pa.Super. 366, 340 A.2d 509 (1975). Moreover, the Commonwealth merely needs to establish a knowing and intelligent waiver of a constitutional right by a preponderance of the evidence. *Commonwealth v. Scarborough*, 491 Pa. 300, 421 A.2d 147 (1980); *Commonwealth v. Roberson*, 485 Pa. 586, 403 A.2d 544 (1979).

*Commonwealth v. Szekeresh*, 357 Pa.Super. 149, 154, 515 A.2d 605, 607 (1986). The question in this case is not whether under the law a person may waive a Constitutional

right. Clearly, Constitutional rights are waivable. The question in this case is whether the court of common pleas erred in not allowing appellants to waive the right in this case.

In this regard, we find that the court of common pleas properly looked to the language of the United States Supreme Court.

Unfortunately for all concerned, a district court must pass on the issue of whether or not to allow a waiver of a conflict of interest by a criminal defendant not with the wisdom of hindsight after the trial has taken place, but in the murkier pre-trial context when relationships between the parties are seen through a glass, darkly. The likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those familiar with criminal trials. It is a rare attorney who will be fortunate enough to learn the entire truth from his own client, much less be fully apprised before trial of what each of the Government's witnesses will say on the stand. A few bits of unforeseen testimony or a single previously unknown or unnoticed document may significantly shift the relationship between multiple defendants. These imponderabilities are difficult enough for a lawyer to assess, and even more difficult to convey by way of explanation to a criminal defendant untutored in the niceties of legal ethics. Nor is it amiss to observe that the willingness of an attorney to obtain such waivers from his clients may bear an inverse relation to the care with which he conveys all the necessary information to them.

For these reasons we think the district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses.

*Wheat v. United States*, 486 U.S. 153, 162–163, 108 S.Ct. 1692, 1699, 100 L.Ed.2d 140 (1988). In the case before the

Court, we find that the court of common pleas properly granted the Commonwealth's motion to disqualify appellants' counsel of choice. The opportunity for a conflict of interest in this case is great. Allowing a waiver of appellants' right to individual counsel could lead to a serious problem at the trial of this case. Further, as was discussed by the Supreme Court above, it would be difficult if not impossible to explain to appellants the exact nature of the problem presented by joint representation. It is not possible to predict what might happen at the trial of this matter, but certainly the trial court did not commit any error in finding that, in light of the serious potential for a conflict of interest, appellants' counsel should be disqualified.

The order of the trial court is affirmed. There exists, at a minimum, a serious potential for a conflict of interest in this case. Further, the order of the trial court is affirmed in that there was no error in denying appellants the opportunity to waive their right to individual representation.

Order affirmed.