## Commonwealth v. Keene

C.P. of Lehigh County, no. 2920/1994.

*Maria Dantos, assistant district attorney,* for the Commonwealth.
*Richard J. Makoul,* for defendant.

McGINLEY, *J.,* February 8, 1996—Before the court is the defendant's motion to withdraw guilty plea. After a hearing and for the reasons expressed below, we deny the defendant's motion. Based upon the record before us, we make the following findings of fact:[1]

The defendant, Christopher L. Keene, and his co-defendant and fiancee, Paula Miller, were arrested on

---

1. This court considered the notes of testimony of the guilty plea and sentencing hearings; however, the findings of fact are made without the benefit of the notes of testimony from the hearing on this motion.

September 6, 1994, and each charged with two counts of possession with intent to deliver a controlled substance,[2] two counts of possession of a controlled substance,[3] two counts of criminal conspiracy,[4] and possession of drug paraphernalia.[5] On June 12, 1995, pursuant to a plea agreement with the Commonwealth, the defendant pled guilty to possession with intent to deliver methamphetamine.[6] In return, the Commonwealth agreed not to seek the mandatory minimum sentence for the charge and to withdraw the remaining counts against the defendant. On the same date, Ms. Miller pled guilty to possession of methamphetamine.[7]

Prior to entering their pleas, Mr. Keene and Ms. Miller each completed and signed an extensive written colloquy form. In addition, the trial court conducted an on-the-record colloquy of each defendant questioning whether they understood the constitutional rights they were waiving by pleading guilty. This court concluded that the pleas were "tendered knowingly and voluntarily." (N.T. 6/12/95 p. 9.)

Both Mr. Keene and Ms. Miller were scheduled to be sentenced on July 25, 1995. On that date, Ms. Miller was sentenced to 12 months probation; however Mr. Keene's sentencing was continued to September 1, 1995, pursuant to the defendant's request. Until August of 1995, Attorney John Waldron represented both Mr. Keene and Ms. Miller. On August 25, 1995, the de-

---

2. 35 P.S. §780-113(a)(30).
3. 35 P.S. §780-113(a)(16).
4. 18 Pa.C.S. §903(a).
5. 35 P.S. §780-113(a)(32).
6. 35 P.S. §780-113(a)(30).
7. 35 P.S. §780-113(a)(16).

fendant, through new counsel, filed a motion to withdraw his guilty plea. A hearing on the motion was held September 1, 1995.[8]

The defendant offers three reasons in support of his motion to withdraw his guilty plea. First, the defendant claims that he is innocent of trafficking or intent to traffic in methamphetamine. Second, the defendant claims he pled guilty, at the suggestion of Attorney Waldron, as an accommodation to his fiancee and co-conspirator, Ms. Miller. Third, the defendant alleges that he was denied effective representation of counsel because Attorney Waldron had a conflict of interest in representing both the defendant and Ms. Miller simultaneously.

## DISCUSSION

Pennsylvania Rule of Criminal Procedure 320 provides that "[a]t any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." Pa.R.Crim.P. 320, 42 Pa.C.S. While there is no absolute right to withdraw a guilty plea, *Commonwealth v. Iseley*, 419 Pa. Super. 364, 371, 615 A.2d 408, 412 (1992), *alloc. denied*, 534 Pa. 653, 627 A.2d 730 (1993), a pre-sentence request to withdraw a plea should be liberally allowed. *Commonwealth v. Forbes*, 450 Pa. 185, 190, 299 A.2d 268, 271 (1973); *Commonwealth v. Turiano*, 411 Pa. Super. 391, 396, 601 A.2d 846, 849 (1992), *alloc. denied*, 531 Pa. 654, 613 A.2d 559 (1992). The standard for determining whether a defendant can withdraw a guilty plea before sentencing is well-established. The court has discretion to allow the defendant to with-

---

8. The delay in our disposition of the defendant's motion is due, in part, to the time required for preparation of the necessary transcripts.

draw his plea for any fair and just reason, unless the prosecution has been substantially prejudiced by reliance on the plea. *Commonwealth v. Anthony,* 504 Pa. 551, 561, 475 A.2d 1303, 1308-1309 (1984); *Forbes, supra* at 191, 299 A.2d at 271.

We begin by considering whether the defendant has asserted a "fair and just" reason to withdrawal his guilty plea. The defendant's first contention is that he is innocent of trafficking or intention to traffic in methamphetamine because the methamphetamine found by the police was intended for personal use only. A defendant's assertion of innocence may constitute a fair and just reason for withdrawal of a guilty plea prior to sentencing. *Commonwealth v. Cole,* 387 Pa. Super. 328, 333, 564 A.2d 203, 205 (1989). However, the court may reject such an assertion when it is inconsistent with statements made at the guilty plea hearing. See *Commonwealth v. Boatwright,* 404 Pa. Super. 75, 84, 590 A.2d 15, 20 (1991). A defendant who chooses to plead guilty "has a duty to answer questions truthfully" and "will not be permitted to postpone the final disposition of his case by lying to the court concerning his culpability and thereafter withdraw his plea of guilty by contradicting his prior testimony and asserting innocence." *Cole, supra* at 335, 564 A.2d at 206.

In the present case, the defendant admitted during his guilty plea colloquy that on the date in question he was in possession of in excess of two grams of methamphetamine for the purpose of delivering it, or with the intention to deliver it. However, in his motion to withdraw the plea, the defendant claims that the methamphetamine in his possession was only for personal use. If the court permitted withdrawal of the plea, the defendant would be allowed "to make a mockery of the guilty plea hearing process in which [the de-

fendant], after a full and complete colloquy, admitted his guilt." *Id.* at 335, 564 A.2d at 206. We conclude that the defendant's "bald assertion of innocence" at this point in the proceedings does not constitute a fair and just reason for allowing the defendant to withdraw his guilty plea.

The defendant's second basis for withdrawal of the plea relates to his rationale for entering the plea. The defendant asserts that he only pled guilty as an accommodation to Ms. Miller, because Attorney Waldron suggested that it was "the best way for Ms. Miller to get probation." (Def. mot. withdraw plea at 2.)

Before accepting a plea of guilty, the judge must determine that "the plea is voluntarily and understandingly tendered." Pa.R.Crim.P. 319(a), 42 Pa.C.S. A defendant does not have to "be pleased with the outcome of his decision to enter a plea of guilty[;]" it is only required that the plea be made knowingly, voluntarily and intelligently. *Commonwealth v. Myers,* 434 Pa. Super. 221, 225-26, 642 A.2d 1103, 1105 (1994). In the instant case, the defendant stated, during written and oral colloquies, that he understood the following: that he would be giving up certain rights by entering a guilty plea; that his plea could be considered a parole violation; and that the court had discretion in sentencing the defendant. Based on the defendant's responses to these colloquies, this court determined that the defendant's plea was tendered knowingly and voluntarily.

There are countless reasons that accused persons decide to enter a plea instead of proceeding to trial. A defendant may wish to protect others, to reduce his penalty, or any other reason that meets his needs at the time. *Commonwealth v. Anthony, supra* at 558, 475 A.2d at 1307. "[A] plea is not rendered involuntary merely because it is prompted by a belief that it will

enable a defendant to obtain a more lenient sentence[ ]" for himself, *Commonwealth v. Dosch,* 348 Pa. Super. 103, 108, 501 A.2d 667, 670 (1985), or as in this case, for his co-defendant. In the present case, even if we believe the defendant's allegation that he entered his plea in order to secure favorable treatment for his fiancee, and that he did so at the suggestion of Attorney Waldron, the law does not recognize this as a motive rising to the level of compulsion which will invalidate the plea. See *Commonwealth v. Harris,* 286 Pa. Super. 601, 608, 429 A.2d 685, 688-89 (1981). ("Reliance on counsel's advice as to the likely consequences of a guilty plea does not render the plea involuntary and is not grounds for the withdrawal of a plea.")

The benefit to Ms. Miller aside, Mr. Keene forgets the benefit which he himself received from the Commonwealth as a result of his plea. According to the plea agreement, the defendant would plead guilty to only one count of possession with intent to deliver and, in exchange, the Commonwealth would waive their right to seek the mandatory minimum sentence for that crime and would dismiss all other counts against the defendant. "The desire of an accused to benefit from a plea bargain which he requests his counsel to arrange has been viewed as a 'strong indicator' of the voluntariness of the plea." *Myers, supra* at 229, 642 A.2d at 1106. (citations omitted)

The record in this case reveals that the defendant understood the nature of the charge against him, the range of the sentence that could be imposed, and the legal consequences of his guilty plea. Furthermore, the record indicates that the defendant pled guilty because of a plea agreement that was very favorable to both Mr. Keene and Ms. Miller. It is our conclusion that

the defendant's guilty plea was voluntary, knowing and intelligent, and that the defendant's purported rationale for entering his plea is not a fair and just reason permitting its withdrawal.

Finally, the defendant alleges that he was denied effective assistance of counsel because Attorney Waldron had a conflict of interest in representing both Mr. Keene and Ms. Miller. The standard for determining whether counsel was ineffective is well-settled. First, the defendant must prove that his claim of ineffectiveness is of arguable merit. *Commonwealth v. Johnson,* 527 Pa. 118, 122, 588 A.2d 1303, 1305 (1991). If the claim is without merit, this concludes our inquiry because "counsel will not be deemed ineffective for failing to pursue a baseless or meritless issue." *Id.* at 122, 588 A.2d at 1305. If the claim has merit, however, the defendant must prove that counsel's act or omission did not have some reasonable basis designed to effectuate the defendant's interests, and that the defendant was prejudiced by the act or omission. *Commonwealth v. Douglas,* 537 Pa. 588, 596-97, 645 A.2d 226, 230-31 (1994); *Commonwealth v. Pierce,* 515 Pa. 153, 158-59, 527 A.2d 973, 975 (1987).

With respect to dual representation, our Supreme Court has explained that, "[w]hile it is true that prejudice is presumed when counsel is burdened by an actual conflict of interest, this is so only if the defendant demonstrates that counsel 'actively represented conflicting interests' and 'that an actual conflict of interest adversely affected his lawyer's performance.' " *Commonwealth v. Buehl,* 510 Pa. 363, 379, 508 A.2d 1167, 1175 (1986) (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 350, 348, 100 S.Ct. 1708, 1719, 1718, 64 L.Ed.2d 333 (1980)). An actual conflict of interest occurs whenever, during the course of representation, the interests of two

clients "diverge with respect to a material factual or legal issue or to a course of action." *In Interest of Saladin,* 359 Pa. Super. 326, 332, 518 A.2d 1258, 1261 (1986).

The law of this Commonwealth is clear in that a conflict of interest does not automatically arise when an attorney represents two co-defendants. *Commonwealth v. Joyner,* 489 Pa. 502, 506, 414 A.2d 1003, 1005 (1980). To prove that dual representation resulted in an actual conflict, the defendant "must at least show the possibility of harm . . . [For example,] that he had a defense inconsistent with that advanced by the other client, or that counsel neglected his case in order to give the other client a more spirited defense." *Commonwealth v. Toro,* 432 Pa. Super. 383, 394, 638 A.2d 991, 996 (1994) (quoting *Commonwealth v. Breaker,* 456 Pa. 341, 345, 318 A.2d 354, 356 (1974) (plurality opinion)). (citations and quotation marks omitted). In addition, a conflict of interest may arise during litigation, "by reason of substantial discrepancy in the parties' testimony[.]" Rules of Professional Conduct, Comment to Rule 1.7, 42 Pa.C.S. See also, *Commonwealth v. Coffey,* 415 Pa. Super. 131, 608 A.2d 560 (1992) (holding that potential conflict of interest arose where attorney represented co-defendants and statement made by one defendant implicated the other).

In the present case, there is no suggestion that the Commonwealth sought the testimony of either co-defendant against the other or offered any consideration for such testimony. Nor is there any suggestion that either co-defendant considered offering testimony against the other. In fact, the situation is quite the contrary. Up until this moment in time, both co-defendants have acted in a united fashion designed to protect one another, their defenses were entirely consistent, and

there was no potential harm to defendant from the dual representation. Mr. Keene's discontent with his bargain only arose after Ms. Miller had received the benefit of hers. The defendant has not shown that Attorney Waldron actively represented conflicting interests or that an actual conflict of interest affected Attorney Waldron's representation of the defendant.

At the time of the guilty plea proceeding, this court was satisfied that Attorney Waldron had explored the potential conflict issue sufficiently with Mr. Keene and Ms. Miller and that no actual conflict of interest existed. There is nothing in the record to persuade us to challenge that determination. Therefore, we conclude that the defendant's claim of ineffectiveness is without merit and must fail.

For all the above reasons, the defendant has failed to show any "fair and just" reason to withdraw his plea prior to sentence.[9] Therefore, we deny the defendant's motion to withdraw his guilty plea.

### ORDER

Now, February 8, 1996, upon consideration of the defendant's motion to withdraw guilty plea, after a hearing on the motion, and for the reasons stated in the accompanying opinion, it is ordered that the defendant's motion is hereby denied, it is further ordered that the defendant shall appear for sentencing on March 22, 1996 at 9 a.m., courtroom 5A, Lehigh County Courthouse, Allentown, PA.

---

9. We do not even address the issue of prejudice to the Commonwealth, inasmuch as the defendant does not meet the first prong of the test for withdrawal of his guilty plea.