MOTTO, P.J.,
Before the court for *73 disposition is the Commonwealth’s motion to disqualify counsel from joint representation of the co-defendants in the three cases before the court. The dispositive issues are whether the representation of multiple co-defendants within a single, consolidated prosecution is a conflict of interest, per se, and whether such multiple representations acts to a detriment to each client individually.
On or about June 23, 2014 the defendants in the above cases were charged by the New Castle Police Department as conspirators and co-defendants in the “Schmidt heroin distribution organization” investigation. A preliminary hearing was held on July 21, 2014 before Magisterial District Justice Jerry Cartwright. At the hearing, defendants Paul Gravatt and Christopher Gravatt were both represented by Stanley Booker, Esq. and defendant Stacy Heaney was represented by separate counsel. At the conclusion of the preliminary hearing, at case number 704 of 2014 CR, Stacy Heaney had one count of possession of a controlled Substance with intent to deliver (35 Pa.C.S. §780-113(a)(30)), three counts of criminal conspiracy (18 Pa.C.S. §903(a)(l)), one count of solicitation of minors to traffic drugs (18 Pa.C.S. §6319(a)), one count solicitation of minors-drug free school zone (18 Pa.C.S. §6319(b)), and one count of corruption of minors (18 Pa.C.S. §6301 (a)( 1 )(i)) bound over to this court. At case number 706 of 2014 CR, Christopher Gravatt had one count of corrupt organizations (18 Pa.C.S. §911(b)(3)), one count of possession of a controlled substance with intent to deliver (35 Pa.C.S. §780-113(a)(30)), three counts of criminal conspiracy (18 Pa.C.S. §903(a)(l)), and one *74 count of conspiracy to violate §911(b)(l), §911(b)(2), §911 (b)(3)-in that defendant did conspire and agree to be associated with the “Schmidt drug trafficking enterprise” in violation of 18 Pa.C.S. §911(b)(4), bound over to this court. At case number 707 of 2014 CR Paul Gravatt had one count of corrupt organizations (18 Pa.C.S. §911(b) (3)), two counts of possession of a controlled substance with intent to deliver (35 Pa.C.S. §780-113(a)(30)), one count of criminal conspiracy (18 Pa.C.S. §903(a)(l)), two counts of criminal use of communication facility (18 Pa.C.S. §7512(a)), and one count of conspiracy to violate §911(b)(1), §911(b)(2), §911(b)(3)-in that defendant did conspire and agree to be associated with the in violation of 18 Pa.C.S. §911(b)(4) bound over. Subsequent to the preliminary hearing, Stacy Heaney’s prior counsel did not enter his appearance for the continued representation of Heaney. However, attorney Stanley Booker filed his appearance representing Stacy Heaney in addition to co-defendants Paul Gravatt and Christopher Gravatt. The Commonwealth made a motion to consolidate all cases resulting from the “Schmidt drug trafficking enterprise” for trial as the cases involved the same witnesses and victims and arise out of the same incident. The court granted the Commonwealth’s motion for consolidation on the condition that defendants may file a motion to sever before trial. The Commonwealth now files this motion to disqualify attorney Booker from his continued representation of the three co-defendants arguing that joint representation creates a conflict of interest and serves as detriment to each client individually.
*75 The Commonwealth’s first issue, whether joint representation of co-defendants in a consolidated prosecution creates a per se conflict of interest has been definitively answered by both the United States Supreme Court and the Pennsylvania Supreme Court. Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173 (1978); Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457 (1942); Commonwealth v. Wilson, 429 Pa. 458, 240 A.2d 498 (1968).
In Holloway v. Arkansas, Supra, the United States Supreme Court held that requiring or permitting a single attorney to represent co-defendants, often referred to joint representation, is not a per se violation of constitutional guarantees of effective assistance of counsel. This principle recognizes that in some cases multiple defendants can appropriately be represented by one attorney, in fact, in some cases, certain advantages might accrue from joint representation. Holloway v. Arkansas, supra. 435 U.S. at 482, 98 S.Ct. at 1178.
Likewise, the question of whether j oint representation of co-defendants in a consolidated prosecution creates a per se conflict of interest has been unambiguously answered by the Pennsylvania Supreme Court in Commonwealth v. Wilson, 429 Pa. 458, 240 A.2d 498 (1968). In Wilson, the Pennsylvania Supreme Court held that it is well settled that mere dual representation does not, of itself, amount to a conflict of interest. To make dual representation amount to a conflict, petitioner must at least show the possibility of harm, e.g. that he had a defense inconsistent with that advanced by the other client or that counsel neglected his *76 case to give the other client a more spirited defense, id. 429 Pa. at 463, 240 A.2d at 501.
In the instant matter, as both the United States Supreme Court and the Pennsylvania Supreme Court have found that joint representation of co-defendants in one action does not in itself create a per se conflict of interest, this court finds that the Commonwealth’s motion to disqualify counsel based on a per se conflict of interest must be denied.
The Commonwealth’s second issue is whether attorney Booker’s joint representation of Stacy Heaney, Christopher Gravatt and Paul Gravatt acts to the detriment of each client individually.
The right to counsel of choice is guarded by the Sixth Amendment of the United States Constitution. Wheat v. United States, 486 U.S. 153, 108 S.Ct. 1692 (1988). The right to counsel of choice, however, is not absolute. Thus, where considerations of judicial administration supervene, the presumption in favor of counsel of choice is rebutted and the right must give way. United States v. Voight, 89 F.3d 1050, 1074 (3rd Cir. 1996). A conflict of interest arising from joint representation of criminal co-defendants is one instance in which a defendant’s right to counsel of choice may be rebutted, as joint representation in a criminal case “engenders special dangers of which a court must be aware.” Wheat v. United States, supra. 486 U.S. at 159, 108 S.Ct. at 1698. In Commonwealth v. Cassidy, 390 Pa. Super. 359, 568 A.2d 693 (1989), the Pennsylvania Superior Court set forth the law regarding *77 when a defendant’s choice of counsel may be denied:
When a defendant’s selection of counsel, under the particular facts and circumstances of a case, places the fairness and integrity of the defendant’s trial in jeopardy, the defendant’s right to counsel of choice may be justifiably denied. However, a presumption must first be recognized in favor of the defendant’s counsel of choice; to overcome that presumption, there must be a demonstration of an actual conflict or a showing of a serious potential for conflict.... The right to counsel of choice should not be interfered with in cases where the potential conflicts of interest are highly speculative.
Commonwealth v. Cassidy, 390 Pa. Super at 369, 568 A.2d at 698 (internal citations omitted).
In Pennsylvania, the courts have provided guidelines for determining when dual representation is a true conflict of interest detrimental to a client. In order to receive a new trial based upon a conflict of interest, appellants must show that a conflict of interest arose and actually existed during the trial and that the conflict was a type which created a potential of harm with regard to the accused’s defense. Commonwealth v. Bracero, 262 Pa. Super. 189, 194, 396 A.2d 709, 711 (1978); Commonwealth v. Breaker, 456 Pa. 341, 344-45, 318 A.2d 354, 357 (1974). Examples of situations where a conflict of interest creates the necessary potential harm are when a co-defendant advances a defense inconsistent with the defense advanced by the other defendants, or when counsel has neglected the case of one co-defendant in favor of providing another *78 defendant a more spirited defense. Commonwealth v. Bracero, supra. 262 Pa. Super. at 194, 396 A.2d at 711. No conflict exists where co-defendants receiving joint representation present a joint defense, such as denying culpability or blaming other persons for crimes. Id.
In the instant case, the defendants aver that no co-defendant has a defense that is inconsistent with the defenses of the other defendants. Each defendant has been charged as a co-conspirator in the “Schmidt heroin distribution organization,” however, the alleged facts and evidence underlying the individual charges against each of the defendants is distinct and not interrelated with one another. The defendants contend that the alleged crimes charged do not arise out of the same acts or series of acts, and the evidence that the Commonwealth will present for each defendant occurred on different dates, at different locations and involved different confidential informants. As a result of the distinct factual situations underlying each of the three cases, the defendants aver that no co-defendant can advance a defense inconsistent with the defenses of the other defendants. Moreover, the defendants deny the existence of the alleged “Schmidt heroin distribution organization,” and deny that a conspiracy between them to distribute drugs ever existed. Based on the above facts, the defendants contend that joint representation by attorney Booker is not detrimental to each defendant individually and that the Commonwealth’s motion to disqualify counsel be denied. Furthermore, defendants argue that should this court find that joint representation by attorney Booker does create a conflict of interest, each *79 defendant has executed a voluntary waiver of conflict free representation. The waiver provides that each defendant is aware that a potential conflict may arise as a result of joint representation; however, each defendant voluntarily waives any potential conflict that may arise and each wish to proceed with attorney Booker as counsel.
In Pennsylvania, while the right to effective counsel is a fundamental right, it is well established that an individual may knowingly and intelligently waive a constitutional right. Commonwealth v. Carey, 235 Pa. Super. 366, 340 A.2d 509 (1975). In Commonwealth v. Coffey, 415 Pa. Super. 131, 608 A.2d 560(1992), the Pennsylvania Superior Court held:
For an individual to be able to make a knowing and intelligent waiver of a constitutional right, he must have been aware of both the nature of the constitutional right and the risk of forfeiting the same, in such a situation the record must clearly demonstrate an intentional relinquishment of a known right or privilege. If all of the necessary information concerning the nature of and risk of forfeiture of the constitutional right is communicated to the individual, his waiver will not be disturbed. Moreover, the Commonwealth merely needs to establish a knowing and intelligent waiver of a constitutional right by a preponderance of the evidence.
Id. at 135, 608 A.2d at 563 (internal citations omitted). In Coffey, the Commonwealth filed a motion to disqualify defense counsel from representing two defendants charged with furnishing liquor to a minor. In the motion the *80 Commonwealth contended that defendant Coffey made a statement to authorities in which he acknowledged that the case of beer was purchased and subsequently consumed by the defendants and two female juveniles, but denied making the purchase of beer himself. Id. at 133, 608 A.2d at 562. The trial court granted the Commonwealth’s motion to disqualify counsel due to the potential conflict of interest in light of Coffey’s statement. Coffey appealed the court’s order granting the Commonwealth’s motion to disqualify arguing that a defendant has the right to be represented by counsel of their choosing, and that there is no conflict of interest or that the conflict of interest is highly speculative. Further, defendant argued that even if a conflict of interest did exist, it is waivable. Id. The Superior Court found that the question in this case was not whether under the law a person may waive a constitutional right. Clearly, constitutional rights are waivable. The question in this case was whether the trial court erred in not allowing defendants to waive the right in this case. Id. at 135-36, 608 A.2d at 563. In affirming the trial court’s decision, the Superior Court found that the statement made by Coffey implicating a co-defendant in the purchase of liquor for a minor presented a potential for a clear conflict of interest precluding a single attorney from representing both defendants at trial. Id. The court found that while defendant did knowingly waive the right to be represented by separate counsel, the opportunity for a conflict of interest in this case was great. Allowing a waiver of defendants’ rights to individual counsel could lead to a serious problem at the trial. Id. at 137, 608 A.2d at 563. The court found that because it is not possible to *81 predict what might happen at trial and the exact nature of the problem presented by joint representation, the trial court did not commit error in finding that in light of the serious potential for a conflict of interest, defendants’ counsel should be disqualified. Id.
In Commonwealth v. Werner, 217 Pa. Super. 49, 268 A.2d 195 (1970), the Pennsylvania Superior Court held:
To waive a right intelligently, one must be aware of the considerations that make it a wise or unwise choice. Before a lawyer may represent multiple clients, he should explain fully to each client the implication of the common representation and should accept or continue employment only if the clients consent. The trial court, however, would not rely upon counsel’s explanation alone, while an accused may waive the right to counsel, whether there is a proper waiver should be cleariy determined by the trial court, and it would be fitting and appropriate for that determination to appear on the record.
Commonwealth v. Werner, 217 Pa. Super. at 56-57, 268 A.2d at 198, citing Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 1023 (1938).
The Superior Court in Werner provided a guide for the trial courts to use in making the determination whether a waiver was intelligently and voluntarily entered:
In order for an accused to intelligently evaluate his predicament, he should know what a lawyer representing him alone could do. He should know what *82 a lawyer who represents another co-defendant may be hindered from doing. The court should tell the accused that if he cannot afford to hire another lawyer, then he will be represented by a court-appointed attorney. Certainly, whatever the risks and disabilities inhere in joint representation inhere whether counsel is appointed or retained; and whatever steps a defendant is entitled to take to avoid such problems should be make known to him whatever his economic situation may be.
Commonwealth v. Werner, 217 Pa. Super. at 57-58, 268 A.2d at 199, citing Lollar v. United States, 376 F.2d 243, 246 (D.C. Cir. 1967).
The Superior Court held that the waiver colloquy conducted by the trial court must address the above factors. The crucial determination by the trial court is whether the accused has intelligently evaluated his decision to waive the right to conflict free counsel. Id.
In the instant case, the defendants have each executed a lengthy voluntary waiver of conflict free representation. At the hearing, the defendants each testified before the court that attorney Booker has met with each defendant individually and apprised each of them of the potential risks that may arise from joint representation, as well of the limitations that may result from joint representation. The defendants contend they have been fully apprised of the risks of joint representation and choose to proceed with attorney Booker as their counsel. As evidenced by the waivers, the defendants contend they have made a strategic decision to employ joint counsel for these *83 matters and no extrinsic factors such as financial concerns or pressure from outside forces has forced the defendants to waive their right to conflict free representation.
The court finds that under Commonwealth v. Cassidy, supra, when a defendant’s selection of counsel under the particular facts and circumstances of a case places the fairness and integrity of the defendant’s trial in jeopardy, the defendant’s right to counsel of choice may be justifiably denied. However, a presumption must first be recognized in favor of the defendant’s counsel of choice; to overcome that presumption, there must be a demonstration of an actual conflict or a showing of a serious potential for conflict. Here, the record before the court shows that there is no actual conflict, nor a serious potential for conflict. At the hearing to disqualify counsel all three defendants testified that they have no relevant information that would assist the Commonwealth in its prosecution of other jointly represented co-defendants and the Commonwealth makes no allegations that any of the three defendants engaged in any specific transaction with one another. While the Commonwealth argues that joint-representation could hinder the defendants cooperation and potential plea negotiations, the Commonwealth points to no specific instance where an actual or even a serious potential conflict exists. After a review of the preliminary hearing transcript, the court finds that the alleged crimes charged do not arise out of the same acts or series of acts and the evidence presented by the Commonwealth for each defendant is not applicable for other defendants. The alleged crimes charged against each defendant occurred on *84 different dates, at different locations and involved different confidential informants. While the Commonwealth argues that because the defendants were all part of the “Schmidt heroin distribution ring” and are charged with corrupt organizations that joint representation is a detriment to each client, the court finds that it is not alleged that any of the three defendants engaged in transactions with one another. Furthermore, the defendants deny that a conspiracy between them ever existed. At the hearing, all three defendants testified that they have no relevant information that would assist the Commonwealth in its prosecution of either co-defendant. Moreover, defendant Stacy Heaney is not charged with being a part of the alleged corrupt organization. As all defendants have denied the existence of any conspiracy between them a joint defense is not detrimental to each client individually.
Moreover, while the defendants have each executed a lengthy and explicit voluntary waiver of conflict free representation, under Commonwealth v. Werner, supra., the court has a duty to determine whether each defendant has intelligently made the decision to waive the right to conflict free representation. At the hearing to disqualify counsel each defendant was called individually and explained the risks and liabilities inherent in joint representation. As explained in Commonwealth v. Werner, Supra, the court’s responsibility is not necessarily discharged by simply accepting the co-defendants’ designation of a single attorney to represent them both. An individual defendant is rarely sophisticated enough to evaluate the potential conflicts, and when two defendants *85 appear with a single attorney it cannot be determined, absent inquiry by the trial judge, whether the attorney has made such an appraisal or has advised his clients of the risks, Id. 217 Pa. Super. at 57, 268 A.2d at 199. Here, the court questioned each defendant and explained to them the possibility of a potential conflict and explained the right to separate counsel and each defendant made an informed choice to proceed with attorney Booker as counsel. The court is satisfied that the colloquy is sufficient to establish a competent and intelligent waiver.
Accordingly, the court finds that there is no basis to support a conclusion that attorney Booker’s representation of defendants Stacy Heaney, Christopher Gravatt and Paul Gravatt presents an actual conflict of interest or even a serious potential for conflict. The defendants have each executed written and oral waivers. The Sixth Amendment states that there is a presumption in favor of counsel of choice. As the defendant’s theories of the case are not in conflict and it is not alleged that any co-defendant was involved in the independent actions of another, protecting the defendants’ right to counsel of choice outweighs the Commonwealth’s interest in disqualifying attorney Booker. Thus, the Commonwealth’s motion to disqualify is denied and attorney Booker may continue his representation as attorney of record for each of the co-defendants in the above cases.
ORDER OF COURT
And now, this 23rd day of February, 2015, for the reasons set forth in the accompanying opinion of even *86 date herewith, it is ordered, adjudged and decreed that the Commonwealth’s motion to schedule hearing on disqualification of Stanley T. Booker, Esq. is denied and said counsel may continue his representation as attorney of record for each defendant in the above captioned cases.