J-S38015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULIA KINNEY | : | |
| | : | |
| Appellant | : | No. 2395 EDA 2018 |

Appeal from the Judgment of Sentence Entered January 11, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007870-2014

BEFORE: OTT, J., DUBOW, J., and COLINS[*], J.

MEMORANDUM BY OTT, J.:                     **FILED AUGUST 29, 2019**

Julia Kinney appeals from the judgment of sentence entered on January 11, 2018, in the Philadelphia County Court of Common Pleas.[1] The trial court imposed a sentence following Kinney's open guilty plea to one count each of aggravated assault and possession of an instrument of crime ("PIC").[2] On appeal, Kinney contends the trial court erred in denying her pre-sentence motion to withdraw her guilty plea and challenges the discretionary aspects of sentence. For the reasons below, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The exact terms of the sentence are in dispute and we will discuss the issue later in the memorandum.

[2] 18 Pa.C.S. § 2702(a)(1) and 970(a), respectively.

We take the underlying facts and procedural history in this matter from our review of the certified record. On April 1, 2014, Kinney and her co-defendant, Chonice Martin, engaged in a physical altercation with two other people from their neighborhood, Antoinette Mitchell and her 14-year-old-sister, C.S.[3] During the fight, Martin stabbed Mitchell twice, once under the armpit and once in the back. Kinney attacked C.S. with a pipe, hitting her over the left eye. At some point, Martin dropped her knife and Kinney retrieved it and stabbed the injured and incapacitated Mitchell in the right shoulder. The police responded, arrested Kinney and Martin, and recovered a bloody knife from the scene.[4]

On July 13, 2017, both defendants entered open guilty pleas. In return for her plea to the aforementioned charges, the Commonwealth dropped one count each of aggravated assault with respect to victim C.S., simple assault, recklessly endangering another person, and conspiracy.[5] During the plea hearing, the following exchange occurred:

> COMMONWEALTH: Yes. [Mitchell] would testify that [Martin] stabbed her twice, and [Kinney], after [Martin] stabbed her, stabbed her once.

---

[3] We will use the initials, "C.S." because she is a minor.

[4] Mitchell spent four days in the hospital. She needed a chest tube inserted because of the incident. The hospital also admitted C.S., who needed two stitches over her eye.

[5] 18 Pa.C.S. §§ 2702(a), 2701(a), 2705, and 903, respectively.

THE COURT: Where?

COMMONWEALTH: In the right shoulder.

THE COURT: I think we left with Ms. Kinney. Is that an accurate statement of what happened?

DEFENDANT KINNEY: 1 (sic) yes.

THE COURT: And you understand that you are under oath. If you come back some day and you say I just said it was a fairly accurate statement, but here are all the things wrong with it, no one will believe that. They're going to say that you were under oath today, not under the influence of drugs or medicine, no promises were made, no threats were made, you were sitting here with your lawyer. And so today when you say, yes that's an accurate statement, you're going to be stuck with that, do you understand that?

DEFENDANT KINNEY: 1 (sic) yes, Your Honor.

N.T. Guilty Plea Hearing, 7/13/2017, at 16-17.

On January 11, 2018, Kinney filed a motion to withdraw her guilty plea.[6] The only contention raised in her motion to withdraw was a bald statement that she was now "assert[ing] her innocence." Motion to Withdraw Guilty Plea, 1/11/2018, at 1.

At sentencing, defense counsel initially acknowledged that he had filed a motion to withdraw the guilty plea on behalf of Kinney, but stated that she was willing to admit to an aggravated assault on C.S. She denied her guilt with respect to an aggravated assault on Mitchell. N.T. Sentencing, 1/11/2018, at 4-14. When the trial court read from the notes of testimony at

---

[6] Counsel also filed a motion to withdraw but did not further pursue it.

the guilty plea hearing as quoted above, counsel stated Kinney believed that, **at the time of the guilty plea hearing**, she suffered from post-partum depression and post-traumatic stress disorder ("PTSD") and that this somehow led her to plead guilty to assault on the wrong victim. ***See id.*** The Commonwealth and defense counsel then came to an agreement to amend the indictment to allow Kinney to plead guilty to aggravated assault of C.S. only. ***See id.*** However, at that point, Kinney again changed her story, stating, "I don't know if it was her [C.S.,] that was hit, but I was being jumped. So I did assault somebody. Whoever came my way[.]" ***Id.*** at 15. Ultimately, after the Commonwealth argued it would be prejudiced if Kinney was allowed to withdraw her guilty plea, the trial court denied the motion. ***Id.*** at 15-18.

After receipt of a pre-sentence investigation report ("PSI"), the trial court sentenced Kinney to a term of 5 to 10 years' imprisonment, followed by an aggregate consecutive term of 5 years' probation.[7] ***Id.*** at 45. However, the sentencing order incorrectly listed the sentence as a term of 4 to 10 years' imprisonment. Order of Sentence, 1/11/2018, at 1.

On January 22, 2018, Kinney filed a motion for reconsideration of sentence. The trial court denied the motion on May 15, 2018. The instant, timely appeal followed. On June 19, 2018, the trial court directed Kinney to

_____

[7] In its Rule 1925(a) opinion, the trial court incorrectly states that the term of probation was 10 years. Trial Court Opinion, 2/28/2019, at 2.

file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Subsequently, on October 4, 2018, trial counsel filed a motion to withdraw in this Court, which we granted. We remanded the matter to the trial court to determine Kinney's eligibility for appointment of new counsel. On November 28, 2018, new counsel filed a concise statement. On February 13, 2019, the trial court issued a corrective order with respect to the length of Kinney's sentence. On February 28, 2019, the trial court issued a Pa.R.A.P. 1925(a) opinion.

In her first issue on appeal, Kinney contends the trial court erred in denying her pre-sentence motion to withdraw her guilty plea. Kinney's Brief, at 4. On appeal, Kinney abandons her claim of actual innocence and, instead, asserts: (1) she had a viable justification defense; (2) she had viable competency and diminished capacity defenses; and (3) the Commonwealth failed to show it would suffer prejudice by the withdrawal. Kinney's Brief, at 8-11. We disagree.

In **Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015), the Pennsylvania Supreme Court held that while a trial court liberally should allow a pre-sentence motion to withdraw a guilty plea,

> there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

***Carrasquillo***, ***supra*** at 1291–1292 (footnote omitted). The necessary inquiry "on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Id.*** at 1292.

Here, the record reflects Kinney never demonstrated that permitting her to withdraw her guilty plea would "promote fairness and justice." ***Id.*** at 1292. Rather, the record reflects the opposite. The incident in the instant matter took place on April 1, 2014; however, Kinney did not plead guilty until July 13, 2017, over three years later. Thus, Kinney had many opportunities to reflect on what, if any defenses, she had to the charges. Moreover, sentencing did not take place until January 11, 2018, approximately six months after her guilty plea. At no point during that interim period did Kinney seek to withdraw her guilty plea. It was not until the day of sentencing that she filed her motion to withdraw, which as noted above, maintained a bald assertion of actual innocence, not a claim that she had viable defenses to the charges. ***See*** Motion to Withdraw Guilty Plea, 1/11/2018, at 1. However, Kinney has since abandoned that assertion of actual innocence on appeal. Kinney's Brief, at 8-11.

To the extent Kinney now claims the trial court should have allowed her to withdraw her guilty plea because she had viable defenses of diminished capacity and competency, she has waived the claim. ***See*** Kinney's Brief, at

10. Kinney did not raise this contention in her written motion to withdraw her guilty plea. Moreover, while she contends on appeal that she orally raised this issue at sentencing, the record belies the claim. As noted above, counsel stated Kinney told him she was suffering from PTSD and post-partum depression at the guilty plea colloquy, not at the time of the incident.[8] N.T. Sentencing, 1/11/2018, at 5, 8-9. Counsel offered this information in an attempt to explain Kinney's disavowal of her sworn statements at the plea hearing, not as a possible defense for the crimes. *See id.* Moreover, counsel did not offer any objective evidence to support Kinney's statements. During her allocution, Kinney brought up her history of mental health issues, but, again, offered it as an explanation for her conduct during the guilty plea hearing and in support of her plea for mitigation of the sentence. *Id.* at 40-41. There is nothing in the transcript that demonstrates that she ever raised this issue in the trial court with respect to the withdrawal of her guilty plea. *See id.* at 5, 8-9, 40-41.

We have long held that "issues, even those of constitutional dimension, are waived if not raised in the trial court. A new and different theory of relief may not be successfully advanced for the first time on appeal."

---

[8] The incident that led charges to took place in 2014, the guilty plea hearing took place in 2017. The record reflects that, at the time of sentencing, Kinney had two children, ages 5 months and 14 years. N.T. Sentencing, 1/11/2018, at 35. Thus, it is unlikely that Kinney was suffering from post-partum depression at the time of the incident.

***Commonwealth v. Santiago***, 980 A.2d 659, 666 (Pa. Super. 2009) (citations omitted), *appeal denied*, 991 A.2d 312 (Pa. 2010), *cert. denied*, 562 U.S. 866 (2010); ***see also Commonwealth v. Baez***, 169 A.3d 35, 41 (Pa. Super. 2017) (finding waiver where appellant raised issues not raised in his motion to withdraw guilty plea on appeal); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Therefore, because Kinney did not raise this issue below, she waived it.[9]

Kinney also contends the trial court should have permitted her to withdraw her guilty plea because she had a viable justification defense. Kinney's Brief, at 10. Again, we note that Kinney did not raise this claim in her written motion to withdraw her guilty plea. Moreover, the record does not substantiate her characterization that she raised this claim at the sentencing hearing as grounds to withdraw her guilty plea. Instead, the record reflects she first mentioned that she "was being jumped" in an attempt to explain why

_____

[9] In her concise statement, Kinney did not claim she had a viable mental health defense, but rather, that she should have been allowed to withdraw her plea because she was suffering from unspecified "mental health conditions" at the time of the incident. Statement of Matters Complained of on Appeal, Pursuant to Pennsylvania Rule of Appellate Procedure, 1925(B), 11/28/2018, at 1. First, as noted above, this is not an accurate account of Kinney's remarks at sentencing. Second, an appellant cannot raise issues for the first time in a Rule 1925(b) statement. ***See Commonwealth v. Coleman***, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues raised for first time in Rule 1925(b) statement are waived).

she was no longer willing to change her guilty plea to an assault on C.S., not as grounds to withdraw her guilty plea as to assault on Mitchell.  *See* N.T. Sentencing, 1/11/2018, at 15.  Further, Kinney never mentioned justification as grounds to withdraw her plea but only brought it up again, in a somewhat muddled manner, while asking for mitigation during allocution.  *Id.* at 40-41. Therefore, we find that Kinney waived this claim.  *See Baez*, *supra*, *Coleman*, *supra*, *Santiago*, *supra*.[10]

Here, the record reflects that Kinney abandoned her claim of actual innocence, and her remaining arguments for withdrawing her guilty plea are both waived and meritless.  Therefore, because she never made "some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice[,]" we need not

---

[10] Even if Kinney had not waived the claim, it would not constitute a fair and just reason for withdrawal of her guilty plea.  At the guilty plea hearing, Kinney admitted that she picked up Martin's knife, advanced at Mitchell, who was lying injured on the ground, and stabbed her in the shoulder.  N.T. Guilty Plea Hearing, 7/13/2017, at 13-16.  We previously have held that a "defendant is bound by statements [she] makes during plea colloquy, and may not assert grounds for withdrawing plea that contradict statements made when [she] pleaded guilty."  *Commonwealth v. Reid*, 117 A.3d 777, 783-784 (Pa. Super. 2015) (citation omitted).  Moreover, this Court has also distinguished between claims of actual innocence and assertions of possible defenses, holding that the later does not constitute a fair and just reason for withdrawing a guilty plea. *See Commonwealth v. Kay*, 478 A.2d 1366, 1369 (Pa. Super. 1984) (appellant's claim that court did not apprise him of all possible defenses he could have asserted not grounds for pre-sentence withdrawal of guilty plea); *Commonwealth v. Dorian*, 460 A.2d 1121, 1123 (Pa. Super. 1983) (distinguishing between claim of actual innocence and claim of possible defense to charge).

address her contention that the Commonwealth failed to show substantial prejudice. ***Carrasquillo***, ***supra*** at 1292. Kinney's first issue does not merit relief.

In her second issue, Kinney challenges the discretionary aspects of her sentence. ***See*** Kinney's Brief, at 11-15. Prior to discussing the merits of her claim, we must first resolve the dispute between the trial court and parties regarding her sentence. As discussed above, there is a discrepancy between the sentence announced at the sentencing hearing and the original sentencing order. The trial court believes it resolved the matter by issuing a corrective order and, therefore, Kinney's sentence is 5 to 10 years' imprisonment. The parties disagree. The Commonwealth, in particular, contends the trial court lacked the authority to correct the sentence pursuant to Pennsylvania Rule of Appellate Procedure 1701(c),[11] and, therefore, Kinney's sentence is 4 to 10 years' imprisonment. ***See*** Commonwealth's Brief, at 4.

_____

[11] Pennsylvania Rule of Appellate Procedure 1701 provides, in pertinent part:

> **(a) General rule.** Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.
>
> **(b) Authority of a trial court or agency after appeal.** After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:
>
> > (1)   Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to

This Court has stated:

> [A] trial court has the inherent, common-law authority to correct clear clerical errors in its orders. **Commonwealth v. Borrin**, 2011 PA Super 10, 12 A.3d 466, 471 (Pa. Super. 2011)(*en banc*) (citation omitted), *affirmed*, 622 Pa. 422, 80 A.3d 1219 (Pa. 2013) (opinion announcing judgment). This authority exists even after the 30-day time limitation for the modification of orders expires. **Id.**, citing 42 Pa.C.S.A. § 5505. We have previously concluded that a clear clerical error exists on the face of the record when a trial court's intentions are clearly and unambiguously declared during the sentencing hearing[.] **Borrin**, **supra** at 473; **see also Commonwealth v. Holmes**, 593 Pa. 601, 933 A.2d 57, 67 (Pa. 2007) (concluding the limited, inherent judicial power of the court to correct patent errors arise in cases involv[ing] clear errors in the imposition of sentences that [are] incompatible with the record). When this situation arises, the sentencing order [is] subject to later correction. **Borrin**, **supra** at 473. Accordingly, an oral sentence which is on the record, written incorrectly by the clerk of courts, and then corrected by the trial judge, is [] a clerical error. **Id.** at 474, quoting **Commonwealth v. Kubiac**, 379 Pa.

---

> the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.
>
> \* \* \* \*
>
> **(c) Limited to matters in dispute.** Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceeding shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

Pa.R.A.P. 1701(a), (b)(1), and (c).

Super. 402, 550 A.2d 219, 231 (Pa. Super. 1988), *appeal denied*,
522 Pa. 611, 563 A.2d 496 (Pa. 1989).

***Commonwealth v. Thompson***, 106 A.3d 742, 766 (Pa. Super. 2014)

(quotation marks omitted), *appeal denied*, 134 A.3d 56 (Pa. 2015), *cert.*

*denied*, 137 S.Ct. 106 (2016).

Here, the notes of testimony clearly reflect that the trial court sentenced

Kinney to 5 to 10 years' imprisonment. N.T. Sentencing, 1/11/2018, at 45.

There is no ambiguity in this sentence and the initial sentencing order is plainly

a clerical error. Pursuant to Pa.R.A.P. 1701(b)(1), regardless of the fact that

the matter was on appeal, the trial court had the inherent authority to correct

the error. ***See Thompson***, ***supra***. Moreover, we disagree with the

Commonwealth that Pa.R.A.P. 1701(c) precluded the correction. The issue on

appeal is not the length of sentence but the discretionary aspects of sentence.

The trial court's corrective order did not resolve that issue; it merely corrected

a clerical error. Accordingly, we find that Kinney's sentence is 5 to 10 years'

imprisonment. We will now address the merits of her challenge.

This Court has stated:

[t]here is no absolute right to appeal when challenging the
discretionary aspect of a sentence. Rather, an [a]ppeal is
permitted only after this Court determines that there is a
substantial question that the sentence was not appropriate under
the sentencing code. In determining whether a substantial
question exists, this Court does not examine the merits of the
sentencing claim.

In addition, issues challenging the discretionary aspects of a
sentence must be raised in a post-sentence motion or by
presenting the claim to the trial court during the sentencing

proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived. Furthermore, a defendant is required to preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (citations and quotation marks omitted).

Here, Kinney preserved her claim by filing a motion to modify sentence, and by raising it in her Rule 1925(b) statement. While she has included a Pa.R.A.P. 2119(f) statement in her brief, it consists of boilerplate language on the standard of review and does not specify how her sentence is improper under the sentencing court. However, the Commonwealth has not objected to the statement and we are able to discern the nature of Kinney's claim from her argument. Kinney complains the trial court failed to consider mitigating circumstances, namely: (1) her prior record score was zero; (2) she accepted responsibility for her actions; (3) she has young children; (4) she had a difficult background and history of mental health issues; and (5) the incident arose out of a street brawl. Kinney's Brief, at 13-15.

This claim fails to raise a substantial question. ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted). ("An allegation the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question."). In any event, we note that the court had the benefit of a pre-sentence investigation report. "Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's

- 13 -

character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988). Kinney's claim does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/29/19