J-A03026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERAH MPEREY ODOI | : | |
| | : | |
| Appellant | : | No. 364 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 30, 2020,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s):  CP-40-CR-0000522-2019.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                     **FILED MAY 07, 2021**

Odoi appeals from the judgment of sentence entered following his guilty plea.  Upon review, we affirm.

On March 13, 2019, Odoi was charged with various offenses for groping a female Lyft driver against her will.  At the time of the incident, Odoi was very drunk.  On September 16, 2019, Odoi entered into a counseled *nolo contendere* ("no contest") plea agreement with the Commonwealth to a single count of indecent assault.  The written terms of the agreement did not contain a sentencing recommendation.  Odoi did, however, agree to complete sex offender counseling, follow recommendations related thereto and to register as a Tier I sex offender.  The agreement bears the signatures of Odoi, his attorney and the assistant district attorney.

On November 26, 2019, Odoi filed a counseled motion to withdraw the plea averring he was innocent. The trial court considered the motion at the time originally set for Odoi's sentencing hearing. The court denied the motion and continued the date for sentencing.

On January 30, 2020, the court sentenced Odoi to 9 to 24 months less one day of incarceration. Additionally, Odoi was ordered to register as a Tier I offender under SORNA, complete sex offender counseling and follow recommendations, and have no contact with the complainant.

Odoi filed this timely appeal. The trial court and Odoi complied with Pennsylvania Rule of Appellate Procedure.

On appeal, Odoi claims that the trial court erred in refusing to allow him to withdraw his plea of *nolo contendere* and proceed to trial. **See** Odoi's Brief at 2. Specifically, he argues that after entering his plea and thoroughly reviewing the discovery from the Commonwealth, Odoi, who is illiterate, had a better understanding of the case. Having reviewed the case, he did not believe he committed any criminal act; he could not recall touching the complainant. The Commonwealth's case was solely based on the testimony of the complainant; there was no physical evidence. **Id.** at 6-7. Consequently, according to Odoi, he presented a plausible claim of innocence and should have been permitted to withdraw his plea. **Id.** at 7.

We note that we review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. **Commonwealth v. Islas**, 156 A.3d 1185, 1187–88 (Pa. Super. 2017). Pre-sentence withdrawal

- 2 -

of a guilty plea is governed by Pennsylvania Rule of Criminal Procedure 591(A), which provides:

> (A) At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). The official comment to Rule 591 provides: "After the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." **Id.** cmt. However, a defendant does not have an absolute right to such relief. In **Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015), our Supreme Court clarified that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a pre-sentence motion to withdraw. **Id.** at 1285. Rather, the Court concluded that

> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

**Id.** at 1292. Thus, the **Carrasquillo** Court established that trial courts still have discretion to assess the plausibility of a defendant's claim of innocence. In doing so, "both the timing and the nature of the innocence claim, along

with the relationship of that claim to the strength of the government's evidence, are relevant." *Islas*, 156 A.3d at 1191.

> Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

*Commonwealth v. Norton*, 201 A.3d 112, 121 (Pa. 2019).

Upon review of the record, we conclude that the trial court did not abuse its discretion in denying Odoi's motion to withdraw his guilty plea. In reaching its decision, the trial court examined the record of the plea hearing, Odoi's written plea colloquy, and his reason for wanting to withdraw his plea. The trial court explained:

> The record reflects that on September 16, 2019, an Assistant District Attorney (ADA) appeared on behalf of the Commonwealth. Odoi was represented by Attorney Sundmaker. At the onset of the hearing, the ADA, in the presence of Odoi and his counsel, specifically outlined the terms of the plea and stated the Odoi agreed to plea *nolo contendere*, or "no contest," to Count 1, indecent assault, a misdemeanor of the second degree. She stated of record the offense subjected Defendant to a maximum of two years in prison and a maximum fine of $5,000. Odoi was again made aware of the requirement that he complete sex offender counseling and follow any recommendations, undergo an SOAB evaluation and register as a Tier I offender. Thereafter, Odoi agreed it was his decision to plead no contest as outlined by the ADA.
>
> Importantly, the record demonstrates Odoi was acutely aware of the rights he relinquished by entering the plea and defense counsel interjected -- in the presence of Odoi -- that he engaged in an extensive discussion with Odoi, noting his inability to contest the Commonwealth's evidence. Notably, Odoi did not disagree

- 4 -

with -- or otherwise take issue with -- his attorney's representation at any point thereafter.  As noted above, Odoi also completed a written plea colloquy with his attorney.  Indeed, Odoi acknowledged to the court reviewing the written plea colloquy with his attorney and providing the answers to the questions posed therein.  Odoi agreed he signed page three of the written colloquy and, when asked whether he had any questions for the court regarding the no contest plea or the rights he was giving up, stated he did not.

Lastly, in response to questions from the court, Odoi did not contest the factual basis for his no contest plea as set forth on the record by the ADA.  In our judgment, the record demonstrates that the court's colloquy and inquiry covered all material matters necessary to a voluntary, knowing and intelligent plea. ***See, Commonwealth v. Muhammad***, 794 A.2d 378, 383 (Pa. Super. 2002). "No more than the inquiries outlined in Pa.R.Crim.P. 3197 is required." ***Commonwealth v. Kay***, 478 A.2d 1366, 1368 (Pa. Super. 1984).

Trial Court Opinion, 8/3/20, at 3-4 (citations to record omitted).

Notwithstanding this, the trial court recognized that it could, in its discretion, permit Odoi to withdraw his plea.  However, it explained:

Here, in our judgment, Odoi did not meet his burden and establish a fair and just reason to withdraw his no contest plea. Through his counsel, Odoi indicated to the court that he was entering a no contest plea because he did "not have the ability to contravene the Commonwealth's evidence."  Odoi Defendant also indicated that because of intoxication he could not be certain what happened and had "no clear recollection of events."  Odoi further indicated to the court that he couldn't defend against the testimony of the victim who was sober at the time of the event. As noted above, Odoi did not contest any of these statements.

***Id.*** at 5 (citations to record omitted).

At the hearing on his motion, Odoi did not demonstrate that anything had changed since his plea to his demonstrate his innocence.  As the trial court noted, it was unclear what caused Odoi to suddenly to reconsider his

plea. Instead, Odoi merely claimed that he did not believe he did anything wrong; he did not say with certainty that he did not grope the driver, since he was intoxicated. His recollection was still unclear. Odoi remained unable to contravene the Commonwealth's case. Furthermore, a review of the discovery did not reveal any change in the basis for the Commonwealth's case. Essentially, Odoi had more time to reconsider the entry of his plea and repercussions thereof and simply changed his mind. As the trial court concluded, Odoi did not satisfy his burden. Accordingly, we conclude that the trial did not abuse its discretion in refusing to grant Odoi's motion to withdraw his guilty plea.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/7/2021