478 A.2d 1366

**COMMONWEALTH of Pennsylvania**

v.

**Roger J. KAY, D.O., Appellant.**

Superior Court of Pennsylvania.

Argued April 12, 1984.

Filed July 20, 1984.

Petition for Allowance of Appeal Denied Nov. 19, 1984.

90

David Jones, Pittsburgh, for appellant.

Shad Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before ROWLEY, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

Appellant Roger Kay, an osteopathic physician, was charged with criminal solicitation to commit murder[1] and criminal conspiracy[2] based upon his role in an attempt to have murdered another local physician at the hospital where the appellant was employed. Appellant had arranged with another associate at the hospital for a Tony Magliano to carry out the "contract killing". On October 30, 1981, the date of appellant's arrest, he was informed that Tony Magliano was in reality an FBI undercover agent, who was later identified as agent Wayne Manis. A number of personal contacts and phone conversations between the appellant and "Tony Magliano" were the subject of electronic surveillance and had been recorded.

The matter was initially scheduled for trial in March of 1982 in the Erie County Court of Common Pleas, but it was continued at the request of appellant's trial counsel. Before the trial was rescheduled, the appellant entered a guilty plea to the solicitation charge on May 3, 1982. Sentencing was postponed throughout 1982, and the initial sentencing judge recused himself on February 25, 1983.

Appellant's trial counsel withdrew from the case at appellant's request. Appellant's present counsel filed a petition to withdraw the guilty plea on March 18, 1983, three days prior to the scheduled sentencing hearing. At the hearing on March 21, 1983, the trial court judge denied appellant's motion to withdraw his guilty plea and sentenced the appellant to a four to ten year term of imprisonment. Appellant's counsel then filed on March 30, 1983 a post-sentence

1. 18 Pa.C.S. § 902.

2. *Id.* § 903.

motion to withdraw the guilty plea and a motion to modify sentence. These motions were denied by the trial judge on March 31, 1983. The present appeal follows the denial of appellant's motions to withdraw the guilty plea and to reduce the sentence.

■ The appellant presents four arguments for our review. First, he contends the trial court erred in not allowing him to withdraw his guilty plea prior to sentencing because he did not enter it knowingly and intelligently and because there is inadequate record evidence to indicate he did. A pre-sentence motion to withdraw a guilty plea will be liberally allowed if the appellant demonstrates "fair and just" reason for the withdrawal, unless the prosecution has suffered substantial prejudice by its reliance on the guilty plea. *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973); *Commonwealth v. Campbell*, 309 Pa.Super. 214, 455 A.2d 126 (1983).

■ What plea to enter must be a decision by the accused which is voluntarily and intelligently made. *Commonwealth v. Forbes, supra.* Pa.R.Crim.P. 319 outlines a procedure to be followed that will assure the guilty plea is voluntarily tendered. No more than the inquiries outlined in Pa.R.Crim.P. 319 is required. *Commonwealth v. Anthony*, 504 Pa. 551, 475 A.2d 1303 (1984).

■ Our review of the guilty plea proceedings that occurred on May 3, 1982 convinces us that the record completely refutes appellant's allegations. This proceeding more than adequately met the requirements of Pa.R.Crim.P. 319. All that preceded the entry of appellant's plea fully apprised him of the nature of the charges and the rights available to him. Nothing in the record indicates the appellant entered his guilty plea unknowingly or involuntarily.

■ The appellant contends the record is inadequate because the prosecutor and not the trial judge questioned the appellant. Both Pa.R.Crim.P. 319 and the case law clearly state that the examination of the pleading party need not be performed by the court alone. Either counsel may conduct part or all of the examination. The essential element is

recording that the pleading party is aware of the ramifications of his pleading posture; the law permits counsel to take part in this documentation. *See Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). Therefore, appellant's attack on the record's adequacy is without merit.

 Relatedly, appellant's second claim is the trial court should have allowed him to withdraw his guilty plea because he was not fully apprised of all the defenses he may have asserted. This court has recognized that an assertion of innocence constitutes a fair and just reason for permitting the withdrawal of a guilty plea. *Commonwealth v. Whittall*, 304 Pa.Super. 258, 450 A.2d 669 (1982). However, as the trial judge recognized in refusing appellant's guilty plea withdrawal, the appellant has never, not even implicitly, asserted his innocence. (N.T. March 21, 1983 at 129.) The contention that he now has a possible defense does not amount to an assertion of innocence, and, thus, appellant offers no "fair and just" reason why he should be allowed to withdraw his guilty plea. *Commonwealth v. Dorian*, 314 Pa.Super. 244, 460 A.2d 1121 (1983).[3]

 Third, appellant claims his guilty plea was not voluntary due to the ineffectiveness of trial counsel. "It is well settled that '[w]hen confronted with a claim of ineffective assistance of counsel, we must first ascertain whether the issue underlying the charge of ineffectiveness is of arguable merit, and if so, it must be determined whether the course chosen by counsel had some reasonable basis to effectuate his client's interests.'" *Commonwealth v. Lew-*

---

**3.** Appellant's trial counsel testified at the guilty plea withdrawal hearing that he did discuss with the appellant the merits of any defense. Because appellant's claim does not present an acceptable basis on which to withdraw his guilty plea, the trial court did not have to resolve this credibility question.

Furthermore, since appellant has not met the initial "fair and just" criteria of *Forbes*, we do not have to determine whether the Commonwealth has been substantially prejudiced by its reliance on the guilty plea. However, we do note there is uncontested testimony in the record that the Commonwealth would have substantial administrative and logistics problems, based upon its reliance on the guilty plea, if it were now required to present its case. (N.T. March 21, 1983 at 114–119.)

*is,* 314 Pa.Super. 298, 303, 460 A.2d 1149, 1151 (1983) (citations omitted). See also, *Commonwealth v. Evans,* 489 Pa. 85, 413 A.2d 1025 (1980).

■ Appellant claims trial counsel was ineffective for failing to suppress electronically recorded testimony between himself and undercover agent Manis. This purported failing on trial counsel's part allegedly duped the appellant into pleading guilty. Trial counsel testified that one of the reasons he did not attempt to suppress this information was based upon his knowledge that the relevant Pennsylvania statute permits an undercover agent to lawfully record conversations to which he is a party. (N.T. March 21, 1983 at 96.)

The Pennsylvania Wiretapping and Electronic Surveillance Control Act provides in 18 Pa.C.S. § 5704(2)(i):

**Exceptions to prohibition on interception and disclosure of communications**

It shall not be unlawful under this chapter for:

. . . .

(2) Any investigative or law enforcement officer or any person acting at the direction or request of an investigative or law enforcement officer to intercept a wire or oral communication involving suspected criminal activities where:

(i) such officer or person is a party to the communication;

Therefore, trial counsel's decision that a suppression motion would not be successful has a clear basis in the law. Consequently, since appellant's claim has no merit, the trial attorney's posture on this issue was not ineffective counsel.

■ Fourth, appellant claims the trial court abused its discretion by refusing to permit the appellant during sentencing the opportunity to call witnesses to testify on his own behalf and by imposing a prison sentence upon impermissible considerations. Regarding the first aspect of this claim, the defense counsel at the beginning of the March 21, 1983 hearing expressly stated he was prepared to proceed with sentencing at the conclusion of the trial court's consid-

eration of appellant's motion to withdraw the guilty plea. At no time during the sentencing proceedings did appellant's counsel indicate he was unprepared, due to the unavailability of witnesses or otherwise, to continue. Therefore, we find this contention to be meritless.

> "The imposition of sentence is a matter vested in the sound discretion of the sentencing judge, whose determination will not be disturbed on appeal absent a manifest abuse of discretion.... If the sentence is within statutory limits there is no abuse of discretion unless the sentence is so manifestly excessive as to inflict too severe a punishment."

*Commonwealth v. Russell*, 313 Pa.Super. 534, 460 A.2d 316 (1983) (citation omitted).

■ Upon reviewing the sentencing record, it is clear appellant's claim that the sentence was based upon impermissible considerations is totally without merit. Nothing in the record indicates the trial judge sentenced the appellant to an excessive sentence based upon an impermissible consideration.

For the foregoing reasons, the trial court's March 21, 1983 judgment of sentence and the March 31, 1983 orders denying withdrawal of the guilty plea and denying the reduction of sentence are affirmed.