564 A.2d 203

**COMMONWEALTH of Pennsylvania**

v.

**Michael COLE, Appellant.**

Superior Court of Pennsylvania.

Argued June 3, 1988.

Filed Aug. 30, 1989.

Noah Gorson, Merion Station, for appellant.

Alan Sacks, Asst. Dist. Atty., Philadelphia, for Com.

Before CIRILLO, President Judge, and
CAVANAUGH, ROWLEY, WIEAND, McEWEN,
BECK, KELLY, POPOVICH and MELINSON, JJ.

WIEAND, Judge:

Michael Cole entered a negotiated plea of guilty to charges of robbery and criminal conspiracy. Before he had been sentenced, however, Cole filed a motion to withdraw his guilty plea, alleging that it had not been entered voluntarily and that he was innocent of the charges. Following an evidentiary hearing, the trial court denied the motion to withdraw the plea and sentenced Cole to serve two concurrent terms of imprisonment, each for not less than three and one-half (3½) years nor more than ten (10) years. Cole then filed a motion, pursuant to Pa.R.Crim.P. 321,[1] challeng-

---

1. This rule provides as follows:

**Rule 321. Challenge to Guilty Plea**

    (a) A motion challenging the validity of a guilty plea, or the denial of a motion to withdraw a guilty plea shall be in writing and

ing the trial court's denial of his motion to withdraw the guilty plea. When this motion was denied, Cole filed a direct appeal from the judgment of sentence. He argues that the trial court abused its discretion when it denied the motion to withdraw his plea of guilty.

Appellant, along with his co-defendant, Earl Robinson, had been arrested on June 27, 1985 and charged with robbery, aggravated and simple assault, theft, receiving stolen property and criminal conspiracy in connection with the robbery and beating of two elderly women in a restroom at the Greyhound Bus terminal in Philadelphia. Trial on these charges was originally scheduled for December 4, 1985, but because of continuances, trial did not commence until July 14, 1986, when the trial court heard pre-trial motions which had been filed by appellant and co-defendant Robinson. After defendant's motion to dismiss pursuant to Pa.R.Crim.P. 1100 had been denied, the Commonwealth proceeded to present evidence in response to a motion by defendant to suppress evidence. After receiving testimony from two Commonwealth witnesses, the court continued the hearing until the following morning to allow Ms. Essie Dooley, one of the robbery victims and an essential Commonwealth witness,[2] to travel from Georgia, where she was caring for a sick father, to testify as a Commonwealth witness.[3]

> shall be filed with the trial court within ten (10) days after imposition of sentence.
> (b) The motion shall be disposed of promptly.
> (c) The trial court may schedule a hearing on the motion and shall determine whether the motion shall be argued before one judge alone or before a panel of judges sitting as a court en banc. Whenever a single judge hears the motion alone the judge may make any ruling that could be made by a court en banc.
> Pa.R.Crim.P. 321.

2. The other victim of the robbery was an itinerant bag lady whose whereabouts were unknown and who, therefore, was not available to testify.

3. Appellant's trial had been continued from December 10, 1985 and rescheduled for March 10, 1986 because of the unavailability of this witness.

On the morning of July 15, 1986, after Dooley's presence had become known to appellant but before she had testified, the co-defendant, Earl Robinson, entered a plea of guilty. Appellant then also sought to plead guilty and, through counsel, negotiated an agreement with the Commonwealth whereby he would plead guilty to charges of robbery and criminal conspiracy, in exchange for which the Commonwealth would nol pros the remaining charges against him and refrain from making any recommendation at sentencing. Following an extensive colloquy, the trial court accepted appellant's plea and scheduled sentencing for September 17, 1986. The Commonwealth thereupon dismissed its witnesses, and Dooley returned to Georgia. On August 26, 1986, more than a month after pleading guilty, appellant filed a motion to withdraw his guilty plea.[4] This motion, as we have observed, was denied after hearing.

Appellant argues that his assertion of innocence in the motion to withdraw his guilty plea provided the trial court with a fair and just reason to allow the withdrawal of the plea and that the court's denial of that motion, therefore, was an abuse of discretion. We disagree with appellant's reasoning and, for the reasons which follow, affirm the judgment of sentence.

The applicable law was set forth by the Supreme Court in *Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973) as follows:

> Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing ... should be liberally allowed. See *United States ex rel. Culbreath v. Rundle,* 466 F.2d 730 (3d Cir.1972); *United States v. Young,* 424 F.2d 1276 (3d Cir.1970); *United States v. Stayton,* 408 F.2d 559 (3d Cir.1969); Pa.R.Crim.P. 320; ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty § 2.1 (Approved Draft, 1968); Note, Pre–Sentence Withdrawal of Guilty

**4.** The petition was signed only by appellant's counsel. It was neither signed nor verified by appellant.

Pleas in Federal Courts, 40 N.Y.U.L.Rev. 759 (1965). In *United States ex rel. Culbreath v. Rundle, supra,* the Third Circuit stated:

> "It has been recognized under Pennsylvania and Federal law that a trial judge has discretion to refuse a request to retract a plea of guilty since there is no absolute right to withdraw such a plea. However, a request made before sentencing has been generally construed liberally in favor of the accused."

*Id.* at 732 of 466 F.2d (emphasis added) (footnotes omitted).

The ABA Standards are in complete harmony with this view. The standards state:

> "(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty § 2.1(b) (Approved Draft, 1968). See also *Commonwealth v. Neely,* 449 Pa. 3, 4, 295 A.2d 75, 76 (1972) (Roberts, J., concurring opinion).

Thus, in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, "the test to be applied by the trial courts is fairness and justice." *United States v. Stayton, supra* at 561. If the trial court finds "any fair and just reason", withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been "substantially prejudiced." ABA Standards Relating to Pleas of Guilty, *supra.* As the Third Circuit noted:

> "The liberal rule for withdrawal of a guilty plea before sentence is consistent with the efficient adminis-

tration of criminal justice. It reduces the number of appeals contesting the 'knowing and voluntariness' of a guilty plea, and avoids the difficulties of disentangling such claims. It also ensures that a defendant is not denied a right [to] trial by jury unless he clearly waives it."

*United States v. Young*, 424 F.2d 1276, 1279 (3d Cir. 1970).

Applying these standards to the facts presented, it must be concluded that the trial court should have allowed withdrawal of appellant's guilty plea. Appellant stated, as his reason for the request, made before the degree of guilt hearing and prior to adjudication and sentence, "I don't want to plead guilty to nothing I didn't do." Obviously, appellant, by this assertion of innocence—so early in the proceedings—offered a "fair and just" reason for withdrawal of his plea. Moreover, on this record there is not even the slightest suggestion that the prosecution was in any sense "substantially prejudiced by reliance upon the defendant's plea." ABA Standards Relating to Pleas of Guilty *supra.*

*Id.,* 450 Pa. at 190–192, 299 A.2d at 271–272 (emphasis in original).[5]

The Superior Court has followed *Forbes* and has held that an assertion of innocence may constitute a fair and just reason for the pre-sentence withdrawal of a guilty plea. See: *Commonwealth v. Ortiz,* 334 Pa.Super. 117, 482 A.2d 1110 (1984); *Commonwealth v. Kay,* 330 Pa.Super. 89, 478 A.2d 1366 (1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 2009, 85 L.Ed.2d 293 (1985); *Commonwealth v. Whittall,* 304 Pa.Super. 258, 450 A.2d 669 (1982); *Commonwealth v. Boofer,* 248 Pa.Super. 431, 375 A.2d 173 (1977). Indeed, where a defendant has asserted his innocence and the

**5.** Regarding the withdrawal of a plea of guilty, the Rules of Criminal Procedure provide:

**Rule 320. Withdrawal of Plea of Guilty**

At any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted.

Pa.R.Crim.P. 320.

Commonwealth has been unable to show substantial prejudice, it has been held to be an abuse of discretion for a trial court to deny a pre-sentence petition for withdrawal of a guilty plea. See: *Commonwealth v. Woods*, 452 Pa. 546, 307 A.2d 880 (1973); *Commonwealth v. Forbes, supra; Commonwealth v. Ortiz, supra; Commonwealth v. Boofer, supra.*

However, a motion to withdraw a guilty plea prior to sentencing will generally be disallowed where the Commonwealth will be substantially prejudiced by allowing the same. At the hearing on appellant's motion to withdraw his guilty plea, the Commonwealth argued that appellant had waited to enter a plea of guilty until it had become clear that the complaining witness, Ms. Dooley, had appeared to testify against him and that appellant only sought to withdraw his plea after Ms. Dooley had returned to Georgia. He did so, the Commonwealth argued, in hope that the Commonwealth would not be able "to fly its witness back up from Georgia." The trial court agreed with the Commonwealth, concluding that "[t]he Commonwealth, as I understand it, has great problems."

A criminal defendant will not be permitted to play fast and loose with the guilty plea process in order to delay prosecution or jeopardize the Commonwealth's ability to prove guilt. Here, the appellant entered a guilty plea only after it became apparent that the Commonwealth had been able to bring Dooley from Georgia to Philadelphia to testify against him. To permit him to withdraw his guilty plea after the witness had returned to her home in Georgia would be to permit appellant to use his motion to withdraw for the improper purpose of gambling on the Commonwealth's ability to produce the witness for a second trial. This is the type of prejudice to the Commonwealth against which the rule was intended to protect. The trial court did not abuse its discretion when, under such circumstances, it denied appellant's motion to withdraw his plea of guilty. See: *Commonwealth v. Ross*, 498 Pa. 512, 447 A.2d 943 (1982) (request to withdraw guilty plea was properly denied

when it had been made after the dismissal of key Commonwealth witnesses in reliance on the plea); *Commonwealth v. Carelli*, 308 Pa.Super. 522, 454 A.2d 1020 (1982) (Commonwealth would be substantially prejudiced if pre-sentence motion to withdraw guilty plea were granted where Commonwealth witnesses were present in court on the day set for trial, and many of the witnesses had travelled great distances and had taken leave from their places of employment to be present at trial).

Under the circumstances of this case, the bald assertion of innocence appearing in appellant's petition did not constitute a fair and just reason for allowing appellant to withdraw his plea of guilty. Not only would the Commonwealth have been prejudiced by allowing such withdrawal but appellant would have been permitted to make a mockery of the guilty plea hearing process in which appellant, after a full and complete colloquy, admitted his guilt and his role in the robbery and conspiracy.

"A guilty plea is not a ceremony of innocence, it is an occasion when one offers a confession of guilt.... The defendant is before the court to acknowledge facts that he is instructed constitute a crime.... He is then to voluntarily say what he knows occurred, whether the Commonwealth would prove them or not, and that he will accept their legal meaning and their legal consequence." *Commonwealth v. Anthony*, 504 Pa. 551, 559, 475 A.2d 1303, 1307–1308 (1984). A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. *Commonwealth v. Mitchell*, 319 Pa.Super. 170, 175, 465 A.2d 1284, 1286 (1983). A defendant will not be permitted to postpone the final disposition of his case by lying to the court concerning his culpability and thereafter withdraw his plea of guilty by contradicting his prior testimony and asserting innocence. Cf. *Commonwealth v. Brown*, 242 Pa.Super. 240, 363 A.2d 1249 (1976).

Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. See: Pa.R.

Crim.P. 319 and comment thereon. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered. A guilty plea colloquy must include inquiry as to whether (1) the defendant understood the nature of the charge to which he is pleading guilty; (2) there is a factual basis for the plea; (3) the defendant understands that he has the right to a jury trial; (4) the defendant understands that he is presumed innocent until he is found guilty; (5) the defendant is aware as to the permissible range of sentences; and (6) the defendant is aware that the judge is not bound by the terms of any plea agreement unless he accepts such agreement. *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977). Inquiry into these six areas is mandatory in every guilty plea colloquy. *Commonwealth v. Glaze*, 366 Pa.Super. 517, 531 A.2d 796 (1987); *Commonwealth v. Moore*, 365 Pa.Super. 65, 528 A.2d 1364 (1987). See also: *Commonwealth v. Johnson*, 355 Pa.Super. 123, 512 A.2d 1242 (1986). So many safeguards have been imposed by law to ensure that a guilty plea is voluntarily and knowingly made, that a defendant should not be permitted to withdraw his guilty plea, even before sentencing, merely by intoning the allegation that "I am not guilty," where, as here, his plea of guilty was supported by an extensive colloquy in which the defendant expressly admitted guilt.[6]

6. Although we are required to follow the law as pronounced by the Supreme Court in *Commonwealth v. Forbes, supra,* one cannot help but question whether the rationale which has called for different standards for withdrawing pleas of guilty before sentencing and after sentencing is not wrong in its focus. As it pertains to a pre-sentence motion to withdraw, it dininishes the gravity of the entry of a guilty plea under Pa.R.Crim.P. 319 to allow the plea to be withdrawn prior to sentencing upon a bald assertion of innocence. Would it not be better—even more realistic—to hold that after a guilty plea hearing has been held under Rule 319 and the guilty plea has been entered by the defendant and accepted by the court, then such a plea may be withdrawn, either before or after sentencing, only to avoid prejudice in the nature of a manifest injustice? Such a uniformly applied rule would discourage the gamesmanship that is apparent in the instant case and would elevate the guilty plea hearing to the formal confes-

In the instant case, appellant admitted during the guilty plea hearing that he and Robinson had agreed to snatch pocketbooks and that he had acted as a look-out as Robinson entered the restroom at the bus terminal and forcibly took pocketbooks from two women. It is true that appellant denied knowledge that Robinson had a knife, but whether or not a knife had been used was not determinative of appellant's guilt. See: *Commonwealth v. Tate*, 485 Pa. 180, 401 A.2d 353 (1979). See also: *Commonwealth v. Jackson*, 506 Pa. 469, 474–475, 485 A.2d 1102, 1104 (1984) (a co-conspirator "is criminally responsible for the acts of his co-conspirator committed in furtherance of the conspiracy"). The facts of this case suggest that the trial court properly accepted appellant's plea of guilty, after a full and complete colloquy, to charges of robbery and conspiracy.

Appellant's counsel alleged in the subsequent motion to withdraw the plea of guilty that appellant was "innocent of the charges against him" and that the plea of guilty had been entered involuntarily. At a subsequent hearing on this motion, counsel argued that appellant had been intimidated by the guilty plea proceeding, but appellant did not testify and no evidence was presented to show that appellant was innocent or that his plea had been entered involuntarily. Under these circumstances, the trial court properly denied appellant's request for leave of court to withdraw his plea of guilty. Appellant did not have an absolute right to withdraw his guilty plea, and he failed to show any "fair and just reason" for doing so. To have allowed him to withdraw his plea of guilty would have been to allow him to play fast and loose with the court to the prejudice of the Commonwealth.

The judgment of sentence is affirmed.

McEWEN and KELLY, JJ., file concurring opinions.

McEWEN, Judge, concurring.

I am in absolute agreement with the majority view that the presentence motion to withdraw a guilty plea was

sion of guilt envisioned by the Supreme Court in *Commonwealth v. Anthony, supra.*

properly denied by the trial court. Certainly the Commonwealth would have been substantially prejudiced by the withdrawal of the plea of guilty, and, just as surely, appellant was trifling with the justice system. I write, however, to reecho the particular view to which I cling, albeit in rather lonely fashion until the excellent expression by my eminent colleague of the majority view.

It has long been my position that the Supreme Court in *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973), and *Commonwealth v. Woods*, 452 Pa. 546, 307 A.2d 880 (1973), did not proclaim as a principle, applicable to *all* such presentence motions, that the assertion of innocence is *per se* a "fair and just" reason to permit withdrawal of a guilty plea. See: *Commonwealth v. Ortiz*, 334 Pa.Super. 117, 482 A.2d 1110, 1111–1113 (1984) (Dissenting Opinion by McEwen, J.). The admonition of *Forbes* and *Woods* that a presentence request to withdraw a guilty plea be "construed liberally" in favor of the accused, is not a direction to blithely ignore the obvious, or to heedlessly abandon reason. Moreover, I submit that scrutiny of *Forbes* and *Woods* makes clear beyond dispute that:

The Supreme Court requires that an examination of the entire record be conducted whenever such motions are presented.

The Supreme Court found that "fair and just reason" was presented in those benchmark cases only by the assertion of innocence *together with* the fact that it was made so early in the proceedings.

The Supreme Court, in either of these decisions, could well have stated—but did not—that the assertion of innocence by itself offered a "fair and just" reason for withdrawal.

Thus it is that I view the law to be that, when an accused undertakes a presentence effort to withdraw a guilty plea, the trial court is required to consider the totality of the circumstances reflected by the record[1], and that *a pre-sen-*

---

1. The practice, when a guilty plea is entered, of simply securing from the accused an affirmative answer to questions containing a myriad of

*tence assertion of innocence may compose the required "fair and just reason" provided that the totality of circumstances reflected by the record does not establish otherwise.*

KELLY, Judge, concurring:

I join Judge McEwen's concurring opinion. I add the following additional observations.

I agree with the majority that an assertion of innocence will provide "just cause" to withdraw a guilty plea, in *some* cases. However, before I would find such an assertion to be "just cause" to withdraw a valid plea, I would require some credible explanation for the inconsistency between appellant's sworn admissions in support of the initial guilty plea and the subsequent assertion of innocence. Otherwise, a disingenuous incantation of the words "I now claim I am innocent" by judicial alchemy would become magic words with which to evade the legitimate requirement of "just cause" for withdrawal of the plea. Such a construction of our Supreme Court's precedents would constrain trial courts to reward rather than sanction the most disingenuous of such claims, and the most brazen of perjuries.

Like Judge McEwen, I do not read *Commonwealth v. Woods*, 452 Pa. 546, 307 A.2d 880 (1973) or *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973) to mandate allowance of withdrawal of a plea under such circumstances. Rather, I believe that it is for the trial court to determine whether a post-guilty plea claim of innocence and the explanation for the inconsistent plea (or any other purported "just cause" to withdraw a plea) are credible and genuine. *See Commonwealth v. Carr*, 375 Pa.Super. 168, 171–73, 543 A.2d 1232, 1233–34 (1988). If they are, with-

specific details of the crimes charged, has proved expeditious. Perhaps, however, it better serves to address such colloquy questions to the accused as require the accused to provide specific details of the crimes to which the plea of guilty is entered. Such a colloquy not only insures that the plea is voluntarily and understandingly entered, but also enables more perceptive study, in the event that the accused subsequently seeks to withdraw the guilty plea, of whether "fair and just reason" to withdraw the plea has been presented.

340

drawal must be granted; if not, withdrawal need not be granted.

Regardless, I agree with the majority that prejudice to the Commonwealth precluded allowance of withdrawal of the plea in this case. Hence, I concur in the result.