J-A08020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                             :          PENNSYLVANIA
                                             :
              v.                       :
                                           :
                                         :
FRANKLIN BENNETT, III         :
                                         :
           Appellant         :    No. 3485 EDA 2018

Appeal from the Judgment of Sentence entered October 31, 2018
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0005931-2017.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED JULY 17, 2020**

Franklin Bennett, III, appeals from the judgment of sentence imposed following the entry of his plea of *nolo contendere* to indecent assault and simple assault.[1]  We affirm.

The trial court summarized the relevant factual and procedural history as follows:

> On February 12, 2016, [Bennett] sexually assaulted the complainant, [], who was eighteen years old at the time.  The incident occurred in [Bennett's] home . . . in Philadelphia.  On that night, [the complainant] was babysitting [Bennett's] four minor children and two of [Bennett's] neighbors, who were also minors.
>
> [The complainant] and the six children fell asleep on a loveseat in a bedroom of the residence.  Around 3:00 a.m., [Bennett] entered the bedroom, reached his hand under [the complainant's] underwear, and digitally penetrated her vagina without her consent.  The incident occurred in the presence of the

---

[1] 18 Pa.C.S.A. §§ 3126(a)(1), 2701(a).

six sleeping minors and continued until [the complainant] woke up.

Based on these facts, on October 31, 2018, [Bennett] entered plea of *nolo contendere* on the charges of indecent assault and simple assault. [Bennett's] written colloquy stated that, in exchange for the plea, the Commonwealth agreed to drop a felony charge of aggravated indecent assault, recommend a sentence of four years of probation (supervised by the sex offender unit), and transfer of [Bennett's] probation to Chester County. Per the plea agreement, the order of probation specified that [Bennett] was to stay away from the complainant and comply with all Tier I sex offender requirements. [The trial] court accepted the plea and sentenced [Bennett] in accordance with each of these terms. However, due to the circumstances surrounding his offense (his commission of sexual assault in the presence of six minor children), [the trial] court imposed an additional condition of probation, which ordered [Bennett] to stay away from all minors except his own children. On November 5, 2018, [Bennett] filed motions to modify his sentence and withdraw his guilty plea, which [the trial] court denied on November 28, 2018.

[Bennett] is an attorney and is licensed to practice law within the Commonwealth of Pennsylvania. During the hearing on the motion to withdraw his plea, [Bennett] testified that he practices both family and criminal law, but the majority of his practice "circulates around Family Court." On November 2, 2018, the . . . Administrative Judge of the Family Court Division, issued an order, stating: "pursuant to the conviction sentence entered by the [trial court] . . . [Bennett] is hereby administratively removed from all pending family court cases."

On January 23, 2019, the Supreme Court of Pennsylvania issued an order temporarily suspending [Bennett's] license to practice law, pursuant to Pa.R.D.E 214(d)(2). [Bennett] filed a timely notice of appeal on December 3, 2018.

Trial Court Opinion, 7/16/19, at 1-3 (citations to record, footnotes and unnecessary capitalization omitted).

On appeal, Bennett raises the following three issues in his statement of questions presented, each containing multiple questions:

- 2 -

1. Did the [trial court] err in not allowing Mr. Bennett to withdraw his *nolo contendere* plea, or in the alternative, err in not removing the condition of no contact with minors since the no contact with minors was a condition that was not bargained for, and was added by the court despite the [plea] bargain? Was there a manifest injustice and great unfairness when the [trial] court added a condition not bargained for and which severely prejudiced Mr. Bennett? Was there a manifest injustice by Mr. Bennett's assertion of his innocence? Did the [trial] court err in adding the condition of no contact with minors since the victim was eighteen years of age and an adult? Did the Court err in adding the condition of no contact with minors since there was no evidence of record in the *nolo contendere* colloquy or in the plea itself that minors were involved? Further, should the plea be allowed to be withdrawn since the no restriction on travel condition that was bargained for has been changed, and Mr. Bennett is restricted in his travel, and time and costs were imposed, contrary to the plea agreement?

2. Did the [trial court] err in accepting the *nolo contendere* plea and finding Mr. Bennett guilty of the charge of simple assault, a misdemeanor of the second degree, when there was no factual evidence in the plea to support a finding of simple assault in this case?

3. Did the [trial court] err in not allowing Mr. Bennett to withdraw his guilty plea due to the ineffectiveness of his trial counsel since trial counsel had barely met with Mr. Bennett, was not prepared and told Mr. Bennett he would not allow Mr. Bennett to present character witnesses? Did the ineffectiveness of trial counsel result in a plea that was not knowingly, intelligently and voluntarily entered since Mr. Bennett was afraid his trial counsel was not going to give him an adequate defense, and therefore, felt compelled to enter into the *nolo contendere* plea?

Bennett's Brief at 4-6.

Initially, we observe that in Bennett's statement of questions presented, as well as in the argument section of his brief, he raises several issues that were not raised in his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Importantly, when an appellant is directed to file a

concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived. **_See Commonwealth v. Lord_**, 719 A.2d 306, 309 (Pa. 1998); **_see also_** Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Here, the trial court ordered Bennett to file a Pa.R.A.P. 1925(b) concise statement. Accordingly, as Bennett has identified several issues that were not included in his concise statement, we may not address them since they were not preserved for our review.

In his first preserved issue, Bennett challenges the trial court's denial of his post-sentence motion to withdraw his _nolo contendere_ plea.[2] Our standard

_____

[2] In his discussion of his first issue, Bennett also superficially challenges the trial court's denial of his motion to modify and reconsider and vacate sentence on the basis that the trial court abused its discretion in imposing the no-contact with minors provision. This argument challenges the discretionary aspects of Bennett's sentence. **_See Commonwealth v. Koren_**, 646 A.2d 1205, 1208 (Pa. Super. 1994). However, Bennett has not developed this alternative argument by providing a discussion of pertinent legal authority. **_See_** Pa.R.A.P. 2119(a) (stating that the parties' briefs must include a discussion of each question raised on appeal and a "citation of authorities as are deemed pertinent."); **_see also Commonwealth v. Heggins_**, 809 A,2d 908, 912 n.2 (Pa. Super. 2002) (holding that an issue identified on appeal but not developed in appellant's brief of abandoned and therefore waived). Instead, he only argues that the condition was not bargained for, not that the court abused its discretion in ordering this condition. Moreover, Bennett has not included in his brief a requisite Pa.R.A.P. 2119(f) statement regarding this discretionary challenge. **_See_** Pa.R.A.P. 2119(f) (proving in relevant part: "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence."). For these reasons, we decline to address whether the judge abused its discretion in ordering this condition.

of review of such a ruling is well-settled. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008).

> [W]e will not disturb the [trial] court's decision on such motion unless the court abused that discretion. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, and/or misapplication of law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

*Commonwealth v. Gordy*, 73 A.3d 620, 624 (Pa. Super. 2013) (internal citations omitted). Further, a criminal defendant who was sentenced to more than what was agreed upon may only withdraw his guilty plea if he is "deprived of the benefit of his bargain." *Commonwealth v. Tann*, 79 A.3d 1130, 1131 (Pa. Super. 2013).[3]

Bennett claims that the trial court erred in denying his motion to withdraw his plea of *nolo contendere* because the court imposed an additional condition of probation that was not part of his plea bargain, *i.e.*, that he not have contact with any minors except his own children. Bennett maintains that the condition of no contact with minors was not part of the plea negotiations or the plea agreement. He claims that he has suffered manifest injustice due

---

[3] For sentencing purposes, the effect of a plea of *nolo contendere* is equivalent to a plea of guilty. *See Commonwealth v. Gunter*, 771 A.2d 767, 773 (Pa. 2001).

to the adverse consequences the condition, including being banned from Family Court where he conducts most of his legal practice,[4] and restricted from certain activities involving his children.

Importantly, a person placed on probation does not enjoy the full panoply of constitutional rights otherwise enjoyed by those who have not run afoul of the law. **See Koren**, 646 A.2d at 1209. Pursuant to 42 Pa.C.S.A. § 9754, "[t]he court shall attach reasonable conditions authorized by section 9763 (relating to conditions of probation) as it deems necessary to ensure or assist the defendant in leading a law-abiding life." The trial court may impose a condition of probation requiring the defendant "[t]o do other things reasonably related to rehabilitation." 42 Pa.C.S.A. § 9763(b)(15). The court may also impose restrictive conditions which "significantly restrict the person's movement." **Id**. § 9763(d)(2). This court has consistently held that no-contact conditions are neither unreasonable nor unduly restrictive of a person's liberty. **Koren**, 646 at A.2d 1209. Thus, a sentencing court may order a no-contact condition on probation if it is reasonably calculated to aid in the defendant's rehabilitation. **Id**.

---

[4] Bennett concedes that, after the Administrative Judge of the Philadelphia Family Court issued an order prohibiting Bennett from entering Family Court due to the no contact with minors condition of his probation, the Pennsylvania Supreme Court temporarily suspended Bennett from practicing law due to his *nolo contendere* pleas. Thus, even if he had not been prohibited from practicing in Family Court by order of the Administrative Judge, he would have been prohibited from practicing in **any** court in the Commonwealth due to the Supreme Court's order.

The trial court considered Bennett's first issue and determined that it lacked merit because he received the benefit of his bargained-for plea agreement. The court observed:

> In exchange for [Bennett's] *nolo contendere* plea, the Commonwealth agreed to drop the charge of aggravated indecent assault, a second-degree felony, and recommend a sentence of four years of probation (supervised by the sex offender unit). This court followed the Commonwealth's recommendation. Accordingly, Bennett was sentenced to four years of reporting probation, he was ordered to stay away from the complainant, supervision of his probation was transferred to Chester County, and he was ordered to comply with all Tier I sex offender requirements.
>
> The sentence imposed by this court did not extend the recommended term of probation or inflict any term of incarceration. The maximum sentence Bennett could have received was "four years' incarceration and a fine of $10,000," but he was not subjected to either penalty. Additionally, . . . [Bennett's] sentence did not include a condition that was specifically excluded by the terms of the plea agreement. Further, [Bennett] received the promised benefit of not being charged with aggravated indecent assault, a crime that is subject to lifetime registration under SORNA II and a maximum of ten years of incarceration. Finally, [Bennett] retained the benefit of the Commonwealth's amendment of the initial charges against him [which reduced the charges and limited his reporting period].

Trial Court Opinion, 7/16/19, at 7.

We agree with the trial court's determination that Bennett has not shown that the no-contact with minors provision somehow deprived him of his plea bargain where he received substantially reduced charges and a probation sentence *in lieu* of a possible four to ten year sentence of incarceration and lifetime sexual offender registration. As explained above, the trial court had the discretion to impose reasonable conditions to the probation sentence. On

- 7 -

its face, the condition is reasonable, and we cannot say that Bennett was deprived of the benefit of his bargain, such that he should be able to withdraw his plea. Accordingly, Bennett's first issue fails.

In his second issue, Bennett claims the trial court erred in accepting Bennett's plea to simple assault when the factual summary provided by the district attorney at the plea hearing did not support any of the elements of that crime. Specifically, he claims that the facts underlying his plea did not indicate any bodily injury or attempt cause bodily injury, nor any fear of serious bodily injury.

Notably, the trial court did not address this issue. Upon review of the record, we conclude that Bennett did not challenge the trial court's **acceptance** of his *nolo contendere* plea in his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Instead, he challenged the court's denial of his request to withdraw the plea. See Pa.R.A.P. 1925(b) Concise Statement, 12/13/18, at ¶ 6 (wherein Bennett claimed "the trial court erred in not allowing the withdrawal of the plea since there was no factual basis for simple assault"). These are two different concepts. Because Bennett changed the nature of his claim on appeal, we find he waived this issue. **See Lord**, 719 A.2d at 309 (holding that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived); **see also** Pa.R.A.P.

302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal).[5]

In his final issue, Bennett challenges the ineffectiveness of his plea counsel. However, litigation of ineffectiveness claims is not generally a proper component of a defendant's direct appeal, and is presumptively deferred for collateral attack under the Post Conviction Relief Act. **See Commonwealth v. Holmes**, 79 A.3d 562, 578 (Pa. 2013) (establishing a deferral rule for ineffectiveness claims litigated after its decision in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002)). While the Pennsylvania Supreme Court has recognized limited exceptions to the rule that ineffectiveness claims should be deferred until collateral review, Bennett has not argued that his ineffectiveness claim falls within any of these exceptions to the rule that such a claim should be deferred until collateral review. **See Commonwealth v. Arrington**, 86 A.3d 831, 856-57 (Pa. 2014); **see also Commonwealth v. Delgros**, 183 A.3d 352, 361 (Pa. 2018). For this reason, we decline to

_____

[5] Even if we did not find waiver, we would have concluded that Bennett's second issue lacks merit. The record demonstrates that Bennett was facing two separate indecent assault charges, including a charge of aggravated indecent assault of an unconscious victim, which is a second-degree felony subject to a twenty-five year registration period and classification as a Tier 2 sex offender. Bennett specifically negotiated a deal to plead to the lesser offense of simple assault so that he would not have to register for twenty-five years or be classified as a Tier 2 sex offender. **See** N.T., 11/28/18, at 52-53. To now argue there was no factual basis for the lesser charge of simple assault is a flagrant attempt to play "fast and loose" with the guilty plea process. **See Commonwealth v. Cole**, 564 A.2d 203, 206 (Pa. Super. 1989).

address the merits of Bennett's ineffectiveness claim, without prejudice for him to raise the claim on collateral review.[6]

Application for Continuance denied. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/20

---

[6] Given our disposition, Bennett's application for a continuance and/or oral argument is denied as moot.