J-S10038-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWARD JAMES KAUSHAS | : | |
| | : | |
| Appellant | : | No. 671 MDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered April 28, 2025
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001155-2023

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: MAY 5, 2026**

Appellant, Edward James Kaushas, appeals *pro se* from the judgment of
sentence imposed on April 28, 2025, after Appellant entered guilty pleas to
one count each of receiving stolen property and misapplication of entrusted
property.[1] Appellant argues that the trial court abused its discretion in
denying his request to withdraw his guilty plea. After review, we affirm.

The relevant facts and procedural history were summarized by the trial
court as follows:

> As it relates to Appellant's case docketed to the above-captioned
> matter, stemming from conduct that took place between May 1,
> 2018, and September 30, 2018, the Commonwealth charged
> Appellant with, one (1) count each of theft by failure to make

---

[1] The record reflects that Appellant is an attorney, and the Disciplinary Board
of the Supreme Court of Pennsylvania has suspended him from the practice
of law. **See** Order, 11/30/18; **see also** Pa.R.A.P. 1925(b) Statement,
6/11/25, at ¶8.

required disposition of funds received, in violation of 18 Pa.C.S. § 3927, graded as a felony of the third degree; theft by deception, in violation of 18 Pa.C.S. § 3922(a)(1), graded as a felony of the third degree; theft by deception-fail to correct, in violation of 18 Pa.C.S. § 3922(a)(3), graded as a felony of the third degree; receiving stolen property, in violation of 18 Pa.C.S. § 3925, graded as a felony of the third degree; and misapplication of entrusted property, in violation of 18 Pa.C.S. § 4113(a), graded as a misdemeanor of the second degree. Related to those charges, the Commonwealth alleged that Appellant obtained $94,000.00 belonging to the Estate of Ronald Rowlands through Appellant's appointment as the co-guardian of Mr. Rowlands and used said funds for his own personal benefit and not for the benefit and care of Mr. Rowlands. Appellant proceeded to a preliminary hearing on May 26, 2023, wherein the charges, listed above, were held for court.

[A] pre-trial conference was held on July 21, 2023, wherein Appellant appeared without counsel. Following that hearing, this court scheduled a status of counsel hearing to be held on October 30, 2025. Subsequently, this court scheduled a hearing, pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), to be held on November 21, 2023. Appellant submitted a written waiver of counsel colloquy and following the November 21, 2023 hearing, this court granted Appellant's request to waive his right to counsel and allowed Appellant to proceed as a *pro se* litigant and scheduled a final pre-trial conference to be held on December 11, 2023. *See* Order, November 21, 2023. Subsequently, this court scheduled another final pre-trial conference to be held on January 8, 2024. *See* Order, December 28, 2023.

* * *

On January 27, 2025, Appellant, entered a plea of guilty as follows:

Count one (1) - Receiving Stolen Property, graded as a misdemeanor of the first degree;

Count two (2) - Misapplication of Entrusted Property, graded as a misdemeanor of the second degree.

*See* N.T. Guilty Plea, January 27, 2025; Written Guilty Plea Colloquy. As part of the plea agreement, Appellant agreed to remit as payment of restitution to the Estate of Ronald Rowlands,

- 2 -

an amount totaling $10,000.00. *See* N.T. Guilty Plea, 1/27/2025, p. 4-5, Written Guilty Plea Colloquy.

On February 21, 2025, Appellant filed a motion to rescind plea agreement, which consisted of 201 averments spanning twenty (20) pages in length and two-hundred (200) pages of attached exhibits. On March 26, 2025, this court entered a rule to show cause upon the Commonwealth as to why Appellant's relief should not be granted and scheduled a hearing on the matter to be heard on April 2, 2025. *See* Order, March 26, 2025.[FN1] On April 1, 2025, the Commonwealth filed its response to Appellant's motion to rescind plea agreement. Following the April 2, 2025 hearing, this court entered an order denying Appellant's motion to rescind plea agreement and explained its rationale for the decision therein. *See* Order, April 8, 2025. …

> [FN1] Through clerical error, the March 26, 2025 order was not placed/recorded in the above-captioned docket until April 1, 2025.

* * *

On April 28, 2025, … [a]fter Appellant offered his allocution, this Court indicated that it received and reviewed Appellant's sentencing memorandum, the aggravating and mitigating circumstances in the matter, and the sentencing guidelines. After which, this court imposed the following sentence upon Appellant:

> Count one (1) - receiving stolen property: three (3) year restrictive punishment, with the first three (3) months to be served on the Lackawanna County House Arrest Program;

> Count two (2) - misapplication of entrusted property: two (2) years probation, consecutive to the sentence imposed on count one.

N.T. Sentencing, April 28, 2025, p. 3-4.

Trial Court Opinion (TCO), 8/22/25, at 4-11 (some formatting altered).

Appellant filed a timely notice of appeal. Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

## Guilty Plea

On appeal, Appellant presents the following issue:

> Whether the trial court abused its discretion by denying Appellant's "pre-sentence" motion to rescind guilty plea when Appellant set forth plausible assertions of innocence pursuant to the standards set forth under **Commonwealth v Carrasquillo**, 115 A.3d 1284 (Pa. 2015).

Appellant's Brief at 9.

Appellant argues that he filed a timely pre-sentence motion to withdraw his guilty plea and tendered a plausible assertion of innocence. Appellant claims that trial court applied an incorrect post-sentence standard to Appellant's pre-sentence motion, and he asserts that the Commonwealth was not substantially prejudiced by his motion to withdraw guilty plea. **Id.** at 21-54.[2]

We review Appellant's issue bearing in mind the following principles: "[a]lthough no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing." **Commonwealth v. Hart**, 174 A.3d 660, 664 (Pa. Super. 2017).

> [W]e recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P 591(A). The Supreme Court of Pennsylvania

---

[2] To the extent that Appellant argues that the trial court erred in finding his motion to withdraw his guilty was untimely, **see** Appellant's Brief at 23-25, the record does not reflect that the trial court made such a finding. Accordingly, we conclude that this claim is meritless.

recently clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:

> Trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.
>
> *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1285, 1291–92 (Pa. 2015) (holding there is no *per se* rule regarding pre-sentence request to withdraw a plea, and bare assertion of innocence is not a sufficient reason to require a court to grant such request). We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion.

*Commonwealth v. Davis*, 191 A.3d 883, 888–89 (Pa. Super. 2018) (some citations omitted and formatting altered). "[A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." *Carrasquillo*, 115 A.3d at 1292.[3]

---

[3] Conversely, post-sentence requests to withdraw a guilty plea are reviewed under the following standard:

> [A] request to withdraw a guilty plea after sentencing is subject to higher scrutiny "since courts strive to discourage [the] entry of guilty pleas as sentence-testing devices." *Commonwealth v. Flick*, 802 A.2d 620, 623 (Pa. Super. 2002) (citation omitted). Therefore, in order to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a "manifest injustice." *Id.* (citation omitted). A defendant meets this burden only if he can demonstrate that his guilty plea was entered involuntarily, unknowingly, or

*(Footnote Continued Next Page)*

The trial court addressed Appellant's issue as follows:

[Appellant] did not offer a credible assertion of innocence prior to sentencing, such that it qualified as a fair and just reason permitting withdrawal of the guilty plea. In contrast, the totality of the circumstances reflect that [Appellant's] assertion invoked at the time of sentence … was anything but credible. The written guilty plea colloquy indicates that [Appellant] was able to understand each question and answer them correctly; and that he both fully understood the questions as well as his decision to plead guilty.[4]

This [c]ourt notes that [Appellant's] Motion to Rescind Plea Agreement consists of two hundred two (202) averments as well as two hundred thirty-two (232) pages of attached exhibits. Upon review of said motion, this [c]ourt observed that [Appellant's] purported assertion of innocence is contained in a heading on page nineteen. At no other time in said motion, does [Appellant] set forth an assertion of innocence. Rather, [Appellant] asserts a litany of bald allegations including bare assertions of prosecutorial misconduct, conflicts of interest of the District Attorney's Office due to former DA Powell's previous association with the Powell Law Firm and Attorney Bruce Zero, a partner in said firm, who also is a member of the Pennsylvania Lawyer's Fund board.

Additionally, [Appellant] now takes issue with the agreed upon restitution amount of $10,000.00. In the instant matter, the

_____

unintelligently. ***See Commonwealth v. Stork***, 737 A.2d 789, 790 (Pa. Super. 1999).

***Commonwealth v. Culsoir***, 209 A.3d 433, 437 (Pa. Super. 2019).

[4] We presume that a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise. ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003). A defendant who pleads guilty is bound by the statements he makes while under oath, "and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Id.*** "Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing[,] and intelligent." ***Id.*** at 524.

Commonwealth alleged that [Appellant] committed multiple counts of theft[-]related offenses as well as the misapplication of entrusted-property, namely $94,000.00, which belonged to the Estate of Ronald Rowlands. In an effort to resolve the criminal matter, the Commonwealth agreed to reduce the charge against [Appellant] to one count each of Receiving Stolen Property, graded as a misdemeanor of the first degree, and Misapplication of Entrusted Property, graded as a misdemeanor of the second degree, and seek restitution in the amount of $10,000.00, in exchange for [Appellant's] entry of a plea of guilty to those two counts and payment of the $10,000.00 as restitution. [Appellant] agreed to the above-mentioned parameters and entered a plea of guilty on January 27, 2025.

From this [c]ourt's review, [Appellant] now seeks to withdraw his plea, asserting that he does not owe the $10,000.00 in restitution and asserts that the estate to which said restitution is to be paid, [instead] owes [Appellant] roughly $17,000.00. Moreover, [Appellant] contends that he should be allowed to withdraw his plea asserting that the estate may file a claim with the Pennsylvania Lawyer's Fund to obtain repayment of the difference of the $94,000.00 and $10,000.00 restitution amount. The Commonwealth contends at no point did it concede that the amount that [Appellant] allegedly stole was not $94,000.00. *See* N.T. Motion to Withdraw Guilty Plea, April 2, 2025, p. 6. Rather, the requested restitution amount of $10,000.00 was the amount that the estate accepted so as to resolve the instant criminal matter. *Id.* at 5-6. This [c]ourt finds that [Appellant's] assertions, without more, do not rise to the level so as to allow [Appellant] to withdraw his plea of guilty in this matter.

Accordingly, upon conclusion of the hearing, this [c]ourt recognizes that [Appellant] filed his petition to withdraw guilty plea as a dilatory tactic to delay sentence rather than as a lawful means to assert his innocence and does not demonstrate a fair and just reason for withdrawal. *See Commonwealth v. Cole*, 564 A.2d 203 (Pa. Super. 1989)(a criminal defendant will not be permitted to play fast and loose with the guilty plea process in order to delay prosecution). [Appellant's] bare assertion of innocence is most telling of [Appellant's] intentions. *See* … *Carrasquillo*, 115 A.3d [at] 1285 … (a bare assertion of innocence provided as the basis for withdrawing a guilty plea, is not in and of itself a sufficient reason to require a court to grant such a request). Finally, [Appellant] has failed to provide any evidence to support his "assertion of innocence." *See*

- 7 -

> ***Commonwealth v. Tennison***, 969 A.2d 572, 57[3] (Pa. Super. 2009) (a mere assertion of innocence does not divest a judge of the discretion to weigh its sincerity according to the totality of the circumstances known to the judge). This [c]ourt finds that [Appellant's] petition is founded upon a desire to delay sentencing.

Order, 4/8/25, at 1-2.[5]

After review, we agree with the trial court's rationale. Further, there is no merit to Appellant's claim that the trial court applied the post-sentence "manifest injustice standard" to his pre-sentence motion to withdraw. The trial court properly addressed whether Appellant proffered a plausible assertion of innocence applicable to pre-sentence motions to withdraw guilty pleas. ***See id.*** Additionally, regarding the amount Appellant was alleged to have stolen, as the trial court noted, the record refutes Appellant's claim that the Commonwealth conceded that the amount Appellant stole was anything other than $94,000. N.T., Hearing, 4/2/25, at 5-6. The $10,000 was merely the amount that the estate agreed to accept to resolve the criminal matter. ***Id.*** Moreover, the trial court found that Appellant's assertion of innocence lacked sincerity, a finding which was within the trial court's discretion to consider. ***See Tennison***, 969 A.2d at 573. After review, we discern no abuse of discretion in the trial court denying Appellant's motion to withdraw his guilty plea after concluding that he failed to proffer a plausible assertion of

---

[5] In its Rule 1925(a) opinion, the trial court incorporated by reference its rationale from the April 8, 2025 order. ***See*** TCO, 8/22/25, at 12.

- 8 -

innocence.[6]  ***See Carrasquillo***, 115 A.3d at 1292.  Accordingly, we affirm Appellant's judgment of sentence.

## **Applications for Relief**

While this matter was pending before our Court, Appellant filed several applications for relief which we now address.

### *January 20, 2026 Application for Remand*

First, on January 20, 2026, Appellant filed an application for remand for an evidentiary hearing based on after-discovered evidence.  ***See*** Application for Remand, 1/20/26.  The crux of this application is that in an order filed on November 30, 2018, the Disciplinary Board of the Supreme Court of Pennsylvania placed Appellant on suspension and tasked the trial court judge, the Honorable Michael J. Barrasse, who was at the time President Judge of Lackawanna County, with entering "such orders as may be necessary to protect the rights of [Appellant's] clients or fiduciary entities with which he is involved" in his capacity as President Judge due to Appellant's suspension from the practice of law.  ***See id.*** at 2-8;  Order, 11/30/18, at 1-2.  Appellant frames this information concerning the trial court's administrative role in Appellant's disciplinary action as after-discovered evidence, and he contends that Judge Barrasse's knowledge of the disciplinary action may have created

---

[6] In light of conclusion that Appellant failed to proffer a plausible assertion of innocence, we need not address whether Appellant's motion to withdraw his guilty plea prejudiced the Commonwealth.  ***See Carrasquillo***, 115 A.3d at 1293 n.9 ("In light of our disposition above, we do not reach the second issue presented on appeal, which concerns prejudice to the Commonwealth.").

bias against Appellant in this criminal case. **See** Application for Remand/Disqualification, 1/20/26, at 7.

"The Comment to [Pa.R.Crim.P.] 720 explains that 'after-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process[] and should include a request for a remand to the trial judge[.]'" **Commonwealth v. Miller**, 172 A.3d 632, 650 (Pa. Super. 2017) (quoting Pa.R.Crim.P. 720, Comment). The **Miller** Court continued:

> To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely.

**Id.** (citation omitted).

Here, the alleged after-discovered evidence directly involved Appellant. Indeed, Appellant was the named respondent in the November 30, 2018 order. **See** Order, 11/30/18, at 1. As such, we conclude that Appellant has failed to establish that this evidence could not have been discovered sooner through reasonable diligence. **See Miller**, 172 A.3d at 650. Accordingly, we **DENY** Appellant's January 20, 2026 Application for Remand.

*February 10, 2026 Application for Remand*

Next, on February 10, 2026, Appellant filed a second application for remand based on after-discovered evidence. **See** Application for Remand, 2/10/26. In this application, Appellant claims that the Commonwealth relied

- 10 -

on the affidavit of probable cause and preliminary hearing testimony to support its position that there was ample evidence to support the charges against Appellant outside of the April 2, 2025 hearing on Appellant's motion to withdraw his guilty plea. *See* Application for Remand, 2/10/26, at 3. Appellant argues that the affidavit of probable cause and the notes of testimony were not contained in the reproduced record. *Id.*

However, upon review, we find that both the affidavit of probable cause and notes of testimony from the preliminary hearing are contained in the certified record. *See* Criminal Complaint Affidavit of Probable Cause, 4/18/23, at 1-5; N.T., 5/26/23, at 1-126. Accordingly, Appellant could have obtained these documents with reasonable diligence. *See Miller*, 172 A.3d at 650.

Appellant further argues that there was evidence concerning a "Petition to Substitute Personal Representative" and information concerning Darrell Rowlands' mental capacity. *See* Application for Remand, 2/10/26, at 4-5. Appellant also avers that there was evidence from the Office of Disciplinary Counsel concerning checks Appellant tendered on behalf of Ronald Rowlands. *Id.* at 6-9. Additionally, Appellant contends that there were subpoena-defects and claims that the Office of Disciplinary Counsel improperly obtained documents that were not turned over to Appellant. *Id.* at 9-12. However, we conclude that Appellant was privy to these proceedings as counsel, defendant, or respondent, and he has failed to establish how these documents could not have been obtained earlier through reasonable diligence. *See Miller*, 172 A.3d at 650. Furthermore, Appellant's bald and unsupported allegations of

wrongdoing in connection with the location of funds and documents allegedly obtained by the Office of Disciplinary Counsel concerning his suspension from the practice of law fail to establish how this evidence would have altered the outcome of any proceedings. ***See id.*** For these reasons, we **DENY** Appellant's February 10, 2026 Application for Remand.

*February 17, 2026 Application to Strike*

Finally, on February 17, 2026, Appellant filed an application to strike or disregard portions of the Commonwealth's brief. Application to Strike, 2/17/26. The Commonwealth filed a response to this application on February 18, 2026. In his application, Appellant again contends that the affidavit of probable cause was not included in the reproduced record. ***See*** Application to Strike, 2/17/26, at 2-7. However, as noted above, the affidavit of probable cause is in the certified record on appeal and may be considered by this Court on appeal. ***See*** Criminal Complaint Affidavit of Probable Cause, 4/18/23, at 1-5; ***see also Commonwealth v. Nasir***, 308 A.3d 812, 819 (Pa. Super. 2023)(citing Pa.R.A.P. 1921, Note (stating "[a]n appellate court may consider only the facts which have been duly certified in the record on appeal.")). Accordingly, Appellant's application to strike the Commonwealth's brief referencing the affidavit of probable cause is meritless. Appellant also engages in extensive legal argument and rebuttal to the Commonwealth's arguments in his application. ***See*** Application to Strike, 2/17/26, at 2-36. In its response, the Commonwealth contends that Appellant's legal argument should have been asserted in a timely filed reply brief. Commonwealth's

Response, 2/18/26, at 2. However, the Commonwealth avers that because Appellant filed his application to strike more than 14 days after the Commonwealth filed its brief, the portions of Appellant's application that constitute a reply brief and legal argument in response to the Commonwealth's brief are untimely. *Id.* (citing Pa.R.A.P. 2185(a)). We agree. After review, we **DENY** Appellant's February 17, 2026 application to strike.

## Conclusion

For the reasons set forth above, we affirm Appellant's judgment of sentence. Furthermore, we deny Appellant's applications for relief filed on January 20, 2026, February 10, 2026, and February 17, 2026.

Judgment of sentence affirmed. Applications for relief denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/05/2026